Sonny DAVES # F-2779

v.

Mrs. Joan S. SCRANTON et al.

Civ. A. No. 74-3031.

United States District Court,
E. D. Pennsylvania.

March 12, 1975.

---

Sonny Davis, pro se.

## MEMORANDUM OPINION AND ORDER

HIGGINBOTHAM, District Judge.

Plaintiff was convicted on charges of rape and sodomy of a Mrs. Joan S. Scranton on October 21, 1971, and he is presently incarcerated at the State Correctional Institution at Graterford, Pennsylvania. Three years after his criminal conviction, he has instituted a civil rights [1] damage suit against Mrs. Scranton, an Assistant District Attorney and four police officers involved in his criminal case, as well as the Evening Bulletin, a major Philadelphia newspaper. Plaintiff prays that the Court enter a judicial decree declaring that the defendants have deprived him of constitutional rights guaranteed by the Fourteenth Amendment, and he also sues for an award of damages from these defendants which range from a low of two hundred million dollars as to Mrs. Scranton, to a high of ten billion dollars as to the Evening Bulletin. Plaintiff has petitioned for leave to proceed *in forma pauperis*. I find that the action is frivolous and malicious and I am denying plaintiff's petition and dismissing his complaint pursuant to 28 U.S.C. § 1915(d).

In a 22-page handwritten complaint, plaintiff alleges that Mrs. Scranton, the prosecuting Assistant District Attorney and the defendant police officers conspired to fabricate the criminal charges upon which he was convicted, and that the Evening Bulletin defamed him in a news article dated June 8, 1974, reporting the circumstances of the crime and making certain statements as to plaintiffs' previous arrests and convictions for sex-related crimes. The specific facts upon which plaintiff relies in support of his allegations are derived from his analysis of the notes of testimony in his criminal case. For instance, plaintiff alleges that the Evening Bulletin reporter who authored the news article concerning his criminal conviction was negligent in inferring that there was any basis in truth for the rape and sodomy charges upon which he was convicted because Mrs. Scranton as the prosecuting witness in his criminal trial testified inconsistently, he argues, with respect to certain testimony adduced at his preliminary hearing. He claims that the District Attorney conspired with Mrs. Scranton to fabricate the charges in

---

[1]. 42 U.S.C. §§ 1983, 1985.

that he prepared her to testify at trial using the notes of testimony of the preliminary hearing. Plaintiff attacks the credibility of the police officers' testimony at trial due to what he claims were inconsistent statements as to details of the criminal investigation.

Title 28 U.S.C. § 1915 empowers any Court of the United States to authorize the commencement of any civil suit without the prepayment of fees and costs if the person seeking the authorization makes affidavit that he is unable to pay such costs. Under subsection (d) of the statute, "the court may . . . dismiss the case . . . if satisfied that the action is frivolous or malicious." The legal standard of "frivolous or malicious" is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute. As Judge Aldrich stated in O'Connell v. Mason, 132 F. 245, 247 (1st Cir. 1904):

> "It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings."

■ A dismissal under § 1915(d) does not necessarily constitute a finding that under the allegations of the complaint it appears beyond doubt that plaintiff could prove no set of circumstances which would constitute a claim upon which relief can be granted as required under Fed.R.Civ.P. 12(b)(6),[2] although such a finding upon examination of the complaint is grounds for dismissal under § 1915(d) as well. Allison v. Wilson, 434 F.2d 646 (9th Cir. 1970); Fletcher v. Young, 222 F.2d 222, 224 (4th Cir. 1955). The judgment which I must make is whether the complaint states a claim which has a reasonable probability of succeeding on the merits. *Cf.* Urbano v. Sondern, 41 F.R.D. 355 (D.Conn.1966). In evaluating this complaint I must assess *inter alia,* the merit of plaintiff's legal theory, the credibility of his allegations, as well as the existence of possible defenses. Garner v. Raulston, 390 F.2d 644 (6th Cir. 1968); Jones v. Bales, 58 F.R.D. 453, 465 (N.D.Ga.1972). I must also assess the character of the allegations insofar as they indicate a motive on the part of the plaintiff to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim.

■ Under these standards plaintiff's complaint is clearly frivolous. He attempts to utilize the broad and generous language of the civil rights statutes as a basis for re-evaluating defendants' testimony at his criminal trial, a trial at which a jury found plaintiff guilty beyond a reasonable doubt. He now purports (1) to prove by a preponderance of the evidence that which he did not persuade his criminal jury created a reasonable doubt as to his guilt; and (2) to prosecute the victim of his sexual attack, subjecting her to a relitigation of the criminal issues in the civil forum. As to his claim against the Evening Bulletin, it is "unlikely that appellant, who has adduced no specific facts tending to show that he did not commit the crimes mentioned in defendant's article, could surmount either the defense of truth, or of qualified privilege to report the activities of public officials," Urbano v. Sondern, 370 F.2d 13, 14 (2d Cir. 1966),

2. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and of public figures, Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). It is well settled that criminal prosecutors are entitled to common-law immunities from suit for civil damages under the Civil Rights Acts for conduct in the exercise of their judicial function. Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966). The Pennsylvania statute of limitations, which must be applied to actions arising under the Civil Rights Act, is a defense which plaintiff will not likely overcome in the prosecution of his suit. 12 P.S. §§ 31, 32, 51. Finally, after reviewing the complaint in its entirety, I find that, considering the absence of any recital of credible probative facts supporting the allegations which the plaintiff has made and the character of the facts and the allegations recited in the complaint, the suit is brought maliciously and for the purpose of harassing the defendants.

Therefore, it is hereby ordered that plaintiff's petition to proceed *in forma pauperis* is denied and that his complaint is dismissed.