**Bobby HARDWICK,**
**Plaintiff-Appellant,**

v.

**R. BRINSON, Chief Mail Clerk, Georgia State Prison, and Joseph S. Hopper, Warden, Defendants-Appellees.**

No. 75–1832.

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1975.

Benjamin T. White, Atlanta, Ga. (Court appointed, not under the act), for plaintiff-appellant.

Arthur K. Bolton, Atty. Gen., John W. Dunsmore, Jr., Atlanta, Ga., for defendants-appellees.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

BELL, Circuit Judge:

On the surface this would appear to be a routine appeal from the dismissal of a state prisoner's civil rights suit. The records of this court indicate that it is anything but routine. It is, in fact, the third appeal by appellant from orders in suits filed by him in three separate districts arising out of the same alleged conduct.

Relying on 42 U.S.C.A. § 1983 and employing the right to proceed in forma pauperis, 28 U.S.C.A. § 1915(a), appellant filed a document entitled "Motion for Injunctive Relief" in the United States District Court for the Southern District of Georgia, alleging illegal censorship of mail by prison officials. Injunctive relief was sought therein against Warden Hopper and Chief Mail Clerk Brinson of the Georgia State prison at Reidsville, Georgia. This prison is located in the Southern District. Treating the motion as a complaint, it was dismissed by the district court without service for failure to state a claim for relief. An out of time appeal was allowed by the district court on the ground of excusable neglect, Rule 4(a), FRAP, on February 21, 1975. This court allowed the appeal to proceed in forma pauperis.

The order of dismissal is dated August 13, 1974, although it was not filed until August 29, 1974, the same date the motion-complaint is shown as being filed. The motion-complaint was verified on July 31, 1974 but the date it reached the district court is not shown. We can assume that it was before August 13, the date of the order of dismissal.

Meanwhile, on August 15, 1974, appellant was transferred to the Georgia Diagnostic Center, Jackson, Georgia, in the Middle District of Georgia and is presently there incarcerated. It thus appears that he was in the Reidsville prison when he filed the motion-complaint in the Southern District.

The records of this court disclose that appellant brought suit on August 30, 1974, against Dr. Allen Ault, the head of the Georgia Prison System, and officials of the Diagnostic Center, in the United States District Court for the Middle District of Georgia, seeking damages and injunctive relief. His complaint set out claims, among others, which are in substance the same as those made in the complaint theretofore filed in the Southern District. Specifically, these claims were that the defendants denied appellant the right to receive the Black Panther newspaper, and to correspond with a white woman connected with his legal defense fund. (Appellant is black.)

In the Middle District suit, appellant was denied the right to appeal in forma pauperis and the complaint was dismissed on the ground that the claims asserted were frivolous. On appeal, this court vacated and remanded, finding error in the denial of forma pauperis status. *Hardwick v. Ault*, 515 F.2d 1181. (1975.) The matter is now pending in the Middle District awaiting hearing.

On June 25, 1974, prior to the filing in either the Southern or Middle Districts, appellant filed suit against Dr. Ault, Warden Hopper, Chief Mail Clerk Brinson, and others in the United States District Court for the Northern District of Georgia, seeking damages for the censorship conduct which was later alleged in the Southern and Middle District suits. No injunctive relief was sought. That complaint was dismissed for failure to exhaust administrative remedies. On appeal, this court vacated the dismissal, and remanded for further proceedings. *Hardwick v. Ault*, 5 Cir., 1975, 517 F.2d 295. The matter is now pending in the Northern District for further disposition.

In sum, there are suits pending in the three federal district courts in Georgia

involving the same alleged conduct. The claims in the Northern and Southern Districts fragmented the cause of action into one suit for damages (Northern District), and one for injunctive relief (Southern District). The suit in the Middle District combines damages and injunctive relief and includes bases other than censorship for a cause of action.

■ Despite the several suits and the appellate proceedings described, no court to date has considered appellant's claims on the merits. The case of *Procunier v. Martinez,* 1974, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224, sets the standard for censorship of prisoner mail and is applicable to appellant's claims for injunctive relief, whether in the Southern District case or in the Middle District case. Appellant is entitled to have his claims considered in light of that authority and its progeny including *Wolff v. McDonnell,* 1974, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935; and *Gates v. Collier,* 5 Cir., 1974, 501 F.2d 1291. (As stated, the suit in the Northern District does not seek injunctive relief.)

■ The Attorney General of Georgia, on behalf of the defendants in this case, urges that the cause is moot given appellant's incarceration in the Middle District since August 15, 1974. On oral argument, however, counsel for defendants were unable to advise that appellant would not be returned to the Reidsville Prison. Thus the same alleged conduct which appellant complains of may recur. These facts fail to make out a case of mootness. *Cf. State of Alabama ex rel. Baxley v. Woody,* 5 Cir., 1973, 473 F.2d 10, 13–15, and the authorities cited therein, on the issue of mootness here.

Having determined that appellant is entitled to have his claim considered in light of the teachings of *Procunier v. Martinez, supra,* the question remains as to where it will be considered. The right to appeal in forma pauperis rests on the statute, § 1915(a), *supra.* It also rests on equal protection concepts in that, appeals being provided for those able to pay, they must also be provided for the indigent.[1] *Cf. Douglas v. California,* 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. But the short of the matter is that no one, rich or poor, is entitled to abuse the judicial process.

■ Appellant is entitled to have his claim considered but by only one of the courts he had selected. The suit in the Northern District for damages was first filed. It names the defendants here as well as the head of the state prison system and others. Whether the district court for the Southern District might have transferred the cause to the Northern District under 28 U.S.C.A. § 1404(a),[2] is a question we need not now consider. Nor will we remand for a determination of questions in the nature of abatement, a determination which rests in the sound discretion of the district court. *Cf. Semmes Motors, Inc. v. Ford Motor Company,* 2 Cir., 1970, 429 F.2d 1197; *National Equipment Rental, Ltd. v. Fowler,* 2 Cir., 1961, 287 F.2d 43; *Powell v. American Export Line,* S.D.N.Y., 1956, 146 F.Supp. 417. See 2 Moore's Federal Practice ¶ 3.06[2], at 737–739 n. 11. We follow, instead, another course.

Appellant's cause of action based on the illegal censorship alleged will be vouchsafed by requiring him to pursue his suit in the Middle District. He is presently incarcerated in that district and is seeking equitable relief, as well as damages, based on the claims of the type

---

1. Appellant also has an appeal pending in this court arising out of a suit filed in the Southern District of Georgia, Augusta Division, against the sheriff of Richmond County, Georgia and others. He was allowed to proceed in forma pauperis, and at his request, with court appointed counsel. On the day trial began, the district court discovered that appellant had $10,845.05 on deposit in the First Federal Savings and Loan Association, Augusta, and dismissed his in forma pauperis suit as being an abuse of the court's processes. See No. 75–2036, *Hardwick v. Anderson.*

2. 28 U.S.C.A. § 1404(a):

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

asserted in the instant suit in the Southern District. Dr. Ault, the head of the state prison system, is a defendant in the Middle District suit and injunctive relief embracing the alleged censorship, if any, will be binding on the defendants who are his employees in the Reidsville Prison. This procedure has the advantage of placing all of appellant's claims in one forum, but in one which he has selected. Moreover, the Middle District complaint contains a prayer that defendants be restrained from transferring him to Reidsville Prison prior to the termination of his Middle District suit.

We vacate and remand with direction that the district court may, in its discretion, stay any further proceedings in this cause pending termination of appellant's suit now pending in the Middle District of Georgia.

Vacated and remanded with direction.