Rev. Clovis Carl GREEN, Jr.

v.

Floyd ARNOLD et al. (two cases).

Rev. Clovis Carl GREEN, Jr.

v.

UNITED STATES of America et al.

Nos. EP–80–CA–333, EP–80–CA–335, and EP–80–CA–356.

United States District Court,
W. D. Texas,
El Paso Division.

March 16, 1981.

Rev. Clovis Carl Green, Jr., pro se.

Rebecca Westfall, Asst. U. S. Atty., El Paso, Tex., for defendants.

## ORDER OF DISMISSAL

HUDSPETH, District Judge.

Clovis Carl Green, Jr. is an exceptional case, even in the exotic realm of prisoner litigation. "He may not be in a class by himself, but it doesn't take long to call the roll."[1] Perhaps he aspires to the role of a contemporary Robin Hood, fighting the forces of The Establishment. In reality, however, he resembles a modern-day Iago[2] or Loki,[3] sowing mischief everywhere he goes. Having worn out his welcome in the Great Midwest, see *Green v. Camper*, 477 F.Supp. 758 (W.D.Mo.1979), and on the East Coast, *Green v. U. S. District Court*, 494 F.Supp. 1037 (D.D.C.1980), Green now brings his traveling show to the Sun Belt.

In his thorough opinion in *Green v. Camper, supra* at 759–68, Judge Hunter lists more than 500 suits filed by Green between 1972 and 1979. He has filed at least 29 more in the District of Columbia. *Green v. U. S. District Court, supra*. Since his arrival at La Tuna Federal Correctional Institution four months ago, Green has so far managed to file 25 suits in the Western District of Texas (see Exhibit "A" to this Order).[4]

Green, a self-styled "Reverend," heads a "church" founded by himself.[5] Much of his voluminous litigation has centered around the church and its activities,[6] but Green has also brought suits over a variety of other matters, including disciplinary actions against him by prison officials, transfers to other institutions, various conditions of confinement, etc. Besides the suits filed in his own behalf, Green has made a career of filing suits for other inmates as a "jailhouse lawyer." *In the Matter of Green*, 586 F.2d 1247, 1249 (8th Cir. 1978), *cert. denied* 440 U.S. 922, 99 S.Ct. 1249, 59 L.Ed.2d 475 (1979).

Since no human being could really generate more than 554 causes of action in one lifetime, one would assume that many of Green's filings have been purely repetitions of previous suits, and so they were. *In re Green*, 598 F.2d 1126, 1128 (8th Cir. 1979); *Green v. U. S. District Court, supra* at 1038; *Green v. Wyrick*, 428 F.Supp. 732, 737 (W.D. Mo.1976). In addition, most courts have found them frivolous, irresponsible and unmeritorious. *Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *In the Matter of Green, supra; Green v. Camper, supra* at 769, n. 4, and some have been found malicious and in bad faith as well. *Green v. Camper, supra* at 771–2; *Green v. U. S. District Court, supra* at 1038. In some instances, Green's allegations have been so offensive that the Court has ordered his pleadings stricken as "vile and scandalous."[7] *Green v. Wyrick, supra* at 737. Furthermore, Green has attempted to deceive courts about his finances in an effort to proceed as a pauper, *Green v. Wyrick, supra* at 739, n. 12, and to use terroristic

---

1. O. A. "Bum" Phillips, former head coach, Houston Oilers, describing Earl C. Campbell.

2. Shakespeare, *Othello* (1604).

3. In Norse mythology, a mischief maker who created trouble for the gods. Bulfinch, *Mythology* (Crowell 1974), pp. 332, 355, 945.

4. Since the *Guinness Book of World Records* contains no listing in the category of "most suits filed by one individual," it is difficult to determine whether Green is eligible for record consideration.

5. Green calls it the "Human Awareness Life Church." The record indicates that, for all practical purposes, Green is the "church." *Green v. Camper, supra* at 770, n. 6.

6. One aim of the "church" is to encourage convicts in the prisons to file more writs and lawsuits. *Green v. Camper, supra* at 770. In filings in this district, Green has stated the "church" advocates the right of prisoners to conjugal visits with wives and concubines.

7. Attached to this Order as Exhibit "B" is a recent filing by Green in this Court, in which he alleges that 3 District Judges and 2 United States Magistrates of this Court have made a conspiratorial agreement with prison officials at La Tuna to deny him his rights.

threats in an attempt to intimidate court personnel.[8] *Green v. Camper, supra* at 771.

In their understandable frustration with Green's antics, the Courts have resorted to extraordinary remedies. He has been enjoined from filing suits on behalf of other inmates, *Green v. Wyrick, supra*; has had severe restrictions imposed upon his right to file actions in forma pauperis, *Green v. White, supra*; has been prohibited from filing mandamus actions in the Court of Appeals attacking the regularity of District Court proceedings, *In Re Green, supra*, and has been convicted of criminal contempt and sentenced to prison for violating the district court's injunction against "writ writing" for other prisoners. *In the Matter of Green, supra*. Still, his activities continue without noticeable abatement.

■ One can only speculate about Green's true motives and purposes. One Court suggested that by swamping the court with frivolous suits, Green somehow hoped to force his own release from custody. *Green v. Camper, supra* at 759. Another considered it a scheme and plan to impede the judicial machinery and bring the court system to a halt. *Green v. U. S. District Court, supra* at 1037-8. In view of the stated aims of his "church,"[9] one is entitled to wonder whether Green believes that each writ filed brings him that much closer to heaven. Perhaps the simple answer is that, like Loki in the fable,[10] Green considers it his lot in life to taunt, trouble and harass the courts of this land, both state and federal.[11]

" . . . [N]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). Green's continuing abuse of the judicial system is extremely well documented. He repeatedly demonstrates his contempt for the courts and for the law itself. See *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978). The pauper's affidavit is not a broad highway into federal court; the court retains discretion to dismiss suits in forma pauperis when convinced they are frivolous or malicious. *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd* 516 F.2d 898 (5th Cir. 1975); 28 U.S.C. § 1915(d). In the causes styled *Green v. Arnold*, EP–80–CA–333, and *Green v. U. S. A.*, EP–80–CA–335, leave to proceed in forma pauperis was improvidently granted, and should be withdrawn.

■ The complaint in Cause No. EP–80–CA–356 stands on a somewhat different footing. The filing fee was paid, so no leave to proceed in forma pauperis was requested.[12] It is nevertheless subject to dismissal. The Respondents' motion to dismiss demonstrates that Green has previously filed a suit presenting the identical issues in the United States District Court for the District of Tennessee, which entered a judgment adverse to him on December 4, 1980 (*Green v. McLeod*, No. C–80–2180, Western District of Tennessee). If Green was dissatisfied with this result, his remedy was appeal. He is not entitled to file another suit in another district over issues already litigated. Therefore, as to Green, this action should be dismissed with prejudice. *Barger v. Baltimore & O. Ry. Co.*, 130 F.2d 401, 402 (D.C.Cir.1942); *Cooper Agency v. United States*, 327 F.Supp. 948, 953 (D.S.C. 1971); Rule 41(b), F.R.Civ.P. As to Taylor, Aragon and Vallejos (if indeed they have any desire to be parties to this suit), dis-

---

8. Attached to this Order in a sealed condition, for review by the Court of Appeals if necessary, is an obscene and offensive letter sent by Green to the Clerk of this Court.

9. See footnote 6, *supra*.

10. See footnote 3, *supra*.

11. When the Teutonic gods tired of Loki's troublemaking, they chained him to the rocks with a poisonous snake suspended above him, dripping poison on Loki. *World Book Encyclope-dia*, Vol. 12, p. 382 (1978). That case arose prior to the Eighth Amendment.

12. Although the complaint purports to name three other prisoners as co-petitioners with Green, the suit is in reality a Clovis Green operation from start to finish. He has a well-documented history of using suits filed in the names of others to press his personal grievances and espouse his own ideas. *Green v. Wyrick, supra* at 738–9.

missal without prejudice is appropriate in that they have made no effort to exhaust their administrative remedies within the Bureau of Prisons. *Tarlton v. Clark*, 441 F.2d 384 (5th Cir. 1971); *Paden v. United States*, 430 F.2d 882 (5th Cir. 1970). See *Patsy v. Florida International University*, 634 F.2d 900 (5th Cir. 1981) (en banc).

It is therefore ORDERED that in Causes numbered EP–80–CA–333 and EP–80–CA–335, the orders granting leave to proceed in forma pauperis be, and they are hereby, withdrawn and vacated, and those suits are DISMISSED WITH PREJUDICE.

It is further ORDERED that, with respect to Petitioner Clovis Carl Green, Jr., Cause No. EP–80–CA–356 be, and it is hereby, DISMISSED WITH PREJUDICE.

It is further ORDERED that, with respect to Petitioners Michael Taylor, Miguel Aragon, and Milton Vallejos, Cause No. EP–80–CA–356 be, and it is hereby, DISMISSED WITHOUT PREJUDICE.

### EXHIBIT A

LIST OF CASES FILED BY CLOVIS CARL GREEN, JR. IN THE WESTERN DISTRICT OF TEXAS

| Number | Style of Case |
|---|---|
| EP-80-CA-333 | Rev. Clovis Carl Green, Jr. v. Floyd Arnold, et al |
| EP-80-CA-334 | Rev. Clovis Carl Green, Jr. v. F. E. Arnold, et al |
| EP-80-CA-335 | Rev. Clovis Carl Green, Jr. v. United States of America, et al |
| EP-80-CA-336 | Rev. Clovis Carl Green, Jr. v. Norman A. Carlson, et al |
| EP-80-CA-355 | Rev. Clovis Carl Green, Jr. v. Floyd Arnold, Warden, et al |
| EP-80-CA-356 | Michael Taylor, et al v. Floyd Arnold, Warden, et al |
| EP-81-CA-003 | Rev. Clovis Carl Green, Jr. v. Deputy Clerk Mr. Martinez |
| EP-81-CA-004 | Rev. Clovis Carl Green, Jr. v. United States of America |
| EP-81-CA-005 | Rev. Clovis Carl Green, Jr. v. Carlos Ortiz, Associate Warden, et al |
| EP-81-CA-006 | Rev. Clovis Carl Green, Jr. v. F. E. Arnold, Warden, et al |
| EP-81-CA-007 | Rev. Clovis Carl Green, Jr. v. Carlos Ortiz, et al, |
| EP-81-CA-012 | Rev. Clovis Carl Green, Jr. v. United States of America |
| EP-81-CA-013 | Rev. Clovis Carl Green, Jr. v. Floyd Arnold, et al |
| EP-81-CA-014 | Rev. Clovis Carl Green, Jr. v. Norman A. Carlson, et al |
| EP-81-CA-015 | Rev. Clovis Carl Green, Jr. v. Sherman Waltner, Unit Manager |
| EP-81-CA-016 | Rev. Clovis Carl Green, Jr. v. Regaldo, Segregation Unit Officer, et al |
| EP-81-CA-017 | Rev. Clovis Carl Green, Jr. v. Karen Schroeder, Case Manager, et al |
| EP-81-CA-018 | Rev. Clovis Carl Green, Jr. v. Mail Room Officer, et al |
| EP-81-CA-019 | Rev. Clovis Carl Green, Jr. v. Mr. Apadaca, Counselor, et al |
| EP-81-CA-044 | Rev. Clovis Carl Green, Jr. v. Harry Lee Hudspeth, Judge, et al |
| EP-81-CA-045 | Rev. Clovis Carl Green, Jr. v. Warden, FCI, Danbury, Conn., et al |
| EP-81-CA-046 | Rev. Clovis Carl Green, Jr. v. F. E. Arnold, et al |
| EP-81-CA-047 | Rev. Clovis Carl Green, Jr. v. N. C. Carlson, et al |
| EP-81-CA-066 | Rev. Clovis Carl Green, Jr. v. Judge Harry Hudspeth, et al |
| EP-81-CA-067 | Rev. Clovis Carl Green, Jr. v. Supervisor of Educational Dept., et al |

### EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

REVEREND CLOVIS CARL GREEN, JR.
NO. 00049-045 (Segregation Unit)
Federal Correctional Institution
Box 1000
Anthony, New Mexico, Texas 88021

     Petitioner-Plaintiff

vs.

F.E. ARNOLD, ET AL

vs.

MR. F.E. ARNOLD, ET AL

vs.

NORMAN A. CARLSON, ET AL

vs.

SHERMAN WALTNER, ET AL

(a) CASE NO. EP–80–CA–335

(a) CASE NO. EP–81–CA–46

(b) CASE NO. EP–81–CA–14

(b) CASE NO. EP–81–CA–15

vs.

OFFICER REGALDO, ET AL     CASE NO. EP-81-CA-16

vs.

KAREN SCHROEDER, ET AL     CASE NO. EP-81-CA-17

vs.

MAIL ROOM OFFICER, ET AL     CASE NO. ~~XXXXXX~~ EP-81-CA-18

vs.

MR. APADACA, ET AL     CASE NO. EP-81-CA-19

vs.

WARDEN, F.C.I., DANBURK, ET AL     CASE NO. EP-81-CA-45

vs.

N.C. CARLSON, DIRECTOR, ET AL     CASE NO. EP-81-CA-47

vs.

U.S. DISTRICT COURT JUDGE HARRY HUDSPETH, ET AL     CASE NO. EP-81-CA-44

vs.

UNITED STATES OF AMERICA, ET AL     CASE NO. EP-81-CA-12

vs.

FLOYD ARNOLD, ET AL     CASE NO. EP-81-CA-13
    ~~XXXXXXXXX~~
    Respondents-Defendants

MICHAEL TAYLOR, RUBEN ARANGON, MILTON VALLEGOS, REVEREND CLOVIS CARL GREEN, JR., on behalf of themselves and all prisoners similarly situated as a class-action court suit
    Petitioners     CASE NO. ~~XXXXXXXXX~~ EP-80-CA-356

vs.

F.E. ARNOLD, ET AL,
    Respondents

---

**MOTION FOR THE DISQUALIFICATION OF THE U.S. DISTRICT COURT JUDGES—HONORABLE HARRY HUDSPETH, HONORABLE LUCIUS D. BUNTON, JR., HONORABLE WILLIAM SESSIONS—AND THE U.S. MAGISTRATES OF THIS COURT (NAMES UNKNOWN) FOR PREJUDICE AND BIAS IN EACH AND EVERY ABOVE–ENTITLED COURT SUIT AND CAUSE OF ACTION, AND AFFIDAVIT IN SUPPORT.**

Comes now the Petitioner-Plaintiff Pro se, Reverend Clovis Carl Green, Jr. and hereinafter referred to as Petitioner, and prays that this Court will disqualify the U.S. District Court Judges—Honorable Harry Hudspeth, Honorable Lucius D. Bunton, Jr., and Honorable Williams Sessions— and also disqualify the U.S. Magistrates of this El Paso District (legal names unknown) because of their personal prejudice and bias against the Petitioner, and due to their entering into a conspiracy and agreement with the Respondent/Defendant prison officials to agree to permit these prison officials to continue the violation of the U.S. Constitutional rights of the Petitioner herein. In support of such relief, the Petitioner states:

1.) This Court must review this pro se motion in a liberal manner and not subject the Petitioner's pleadings to the strict legal requirements of the law, as is done with pleadings by an attorney at law—see: *Hughes v. Rowe*, 66 L.Ed.2d 163, 166 (1980).

2.) The prison warden, Floyd Arnold, the Associate Warden, Carlos Ortiz, and the Unit Manager, Sherman Waltner, have in-

formed the Petitioner that these prison officials have entered into an verbal agreement and conspiracy with the Honorable Harry Hudspeth, Honorable Lucius D. Bunton, Jr., Honorable William Sessions, and the U.S. Magistrates in the El Paso District (legal names unknown) and under such agreement and conspiracy, these federal court judges will agree to refuse to provide *effective and meaningful* access to the Courts for the Petitioner, will refuse to protect the constitutional rights of the Petitioner, will treat Petitioner in a derogatory manner compared to the U.S. Attorney in refusing to rule upon his pre-trial motions and requests, and will then work with these prison officials for the purpose of protection of their illegal and unconstitutional actions and practices and procedures for as long as possible, until the Petitioner is released from federal prison, so that then these issues and claims will be considered "moot".

3.) The Petitioner is entitled to a fair and impartial tribunal and judge who believes in obedience and following the federal statutes and the U.S. Constitution, and who is not prejudiced and biased against the Petitioner herein. Therefore, Petitioner submits that these named judges must be disqualified in each and every listed court suit, petition, civil rights complaint and proceeding.

### RELIEF

WHEREFORE, PETITIONER PRAYS FOR THE FOLLOWING RELIEF:

1.) That this Court order that the U.S. District Court Judges—Honorable Harry Hudspeth, Honorable Lucius D. Bunton, Jr. and Honorable William Sessions—are hereby disqualified to serve or adjudicate any of these above-entitled court suits at the time of trial, and that all U.S. Magistrates in the El Paso District are also disqualified—due to personal bias and prejudice submitted herein.

2.) That this Court, in the alternative, will order and provide an immediate evidentiary hearing before an impartial court judge for the purpose of permitting the Petitioner to present such evidence and/or

testimony by himself, the prison officials, and the Judges—William Sessions, Harry Hudspeth, Lucius D. Bunton,—and the U.S. Magistrates concerning these claims and allegations herein.

3.) That this Court, in the event that it determines some legal deficiencies in this motion, will immediately notify the Petitioner of such legal deficiencies and instruct the Petitioner as to how to correct such legal deficiencies so he may proceed in this court with this motion.

4.) That this Court grant any relief deemed fair, just and proper.

Respectfully Submitted,

/s/ <u>Reverend ·Clovis Carl Green, Jr.</u>

Reverend Clovis Carl Green, Jr.

STATE OF TEXAS

COUNTY OF EL PASO

### OATH

I, REVEREND CLOVIS CARL GREEN, JR., first being duly sworn to under oath, do depose and state that I have read and understood the claims and statements contained in this motion, and that all such statements and claims are true and correct to the best of my knowledge, understanding and belief, under the pains and penalty of perjury.

/s/ <u>Reverend Clovis Carl Green, Jr.</u>

Reverend Clovis Carl Green, Jr.

Dated: March 6, 1981

### NOTICE OF SERVICE

I, REVEREND CLOVIS CARL GREEN, JR., do swear under oath that I have mailed a correct copy of this motion/pleading/affidavit by prepaid U.S. Mail on this date to:

Rebecca D. Westfall

Assistant U.S. Attorney

353 U.S. Courthouse

El Paso, Texas 79901

/s/ <u>Reverend Clovis Carl Green, Jr.</u>

Reverend Clovis Carl Green, Jr.

No. 00049–045 (Segregation Unit)

Box 1000—Fed. Correctional Institution

Anthony, New Mexico, Texas 88021