Reverend Clovis Carl GREEN,
etc., Petitioner,

v.

George WILSON, etc., et al.,
Respondents.

and

Reverend Clovis Carl GREEN, Jr.,
etc., Petitioner,

v.

George WILSON, etc., et al.,
Respondents.

United States District Court,
E. D. Kentucky.

June 15, 1981.

Reverend Clovis Carl Green, Jr., pro se.

Patrick H. Mollay, U. S. Atty., Lexington, Ky., for respondent.

## ORDER

SCOTT REED, District Judge.

Petitioner, Clovis Carl Green, Jr., has tendered two petitions to this Court for filing, each including a motion to proceed in forma pauperis. Petitioner Green is an inmate at the Federal Correctional Institution LaTuna, Anthony, Texas/New Mexico. He is the founder of the so-called "Human Awareness Life Church" and its self-proclaimed leader and minister, calling himself "Reverend." Although both actions involve pro se pleadings, petitioner is far from being new to the world of litigation. *See e. g., Green v. Camper,* 477 F.Supp. 758 (W.D. Mo.1979); *Green v. U.S. District Court,* 494 F.Supp. 1037 (D.D.C.1980); *Green v. Arnold,* 512 F.Supp. 650 (W.D.Tex.1981). The essence of both claims is that petitioner be permitted to post notices concerning the "Human Awareness Life Church" and its activities in the state prisons of the Commonwealth of Kentucky and, it is deduced from the language of the petitions, all federal prisons in the nation.

■ The granting of leave to proceed in forma pauperis is a decision within the full discretion of the Court; it should not be exercised where it appears that the contemplated action is frivolous or malicious. 28 U.S.C. Section 1915(d); *Wagner v. Holmes,* 361 F.Supp. 895 (E.D.Ky.1973); *Shields v. United States,* 201 F.Supp. 790 (E.D.Ky.

1962), *aff'd.,* 310 F.2d 708 (6th Cir. 1962), *cert. denied,* 374 U.S. 837, 83 S.Ct. 1888, 10 L.Ed.2d 1058 (1963). In *Foster v. United States,* 344 F.2d 698 (6th Cir. 1965), the Sixth Circuit cited previous circuit opinions to the effect that the right to proceed in forma pauperis under 28 U.S.C. Section 1915 is not an unqualified one and the application may be denied when the proposed action is clearly without merit or frivolous. *Id.* at 699. The policy behind the discretionary authority of the Court is to prevent abuse of the process of the court for harassing others by subjecting them to vexatious and frivolous legal proceedings. This is particularly true where there is "a plethora of frivolous, repetitive complaints." *Graham v. Riddle,* 554 F.2d 133 (4th Cir. 1977).

The legal standard of "frivolous or malicious" (as employed in 28 U.S.C. Section 1915(d)) is incapable of being precisely defined because it is a standard to be applied by the Court in the exercise of its discretionary authority. *Daves v. Scranton,* 66 F.R.D. 5 (E.D.Pa.1975).

A dismissal under Section 1915(d) does not necessarily constitute a finding that under the allegations of the complaint it appears beyond doubt that plaintiff could prove no set of circumstances which would constitute a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), although such a finding upon examination of the complaint is grounds for dismissal under Section 1915(d) as well.

*Id.* at 7. The judgment to be made is whether the complaint states a claim which has a reasonable probability of success on the merits. Some factors to be considered in making that determination are: (1) the merit of plaintiff's legal theory; (2) the credibility of his allegations; (3) the existence of possible defenses; and (4) the character of the allegations insofar as they indicate a motive on the part of the petitioner to harass or vex the defendants rather than to seek redress for a legitimate legal claim. *Id.* The Court may also consider court records to determine if the action is frivolous, *Daye v. Bounds,* 509 F.2d 66 (4th Cir.), *cert.*

*denied,* 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975), and a history of repetitious suits can indicate that a proposed action is malicious, *Hill v. Estelle,* 423 F.Supp. 690 (S.D.Tex.) *aff'd.,* 543 F.2d 754 (5th Cir. 1976). In *Boruski v. Stewart,* 381 F.Supp. 529 (S.D.N.Y.1974), the Court stated at 533 that a dismissal under 28 U.S.C. Section 1915(d),

. . . is appropriate when the plaintiff is engaged in repetitive litigation concerning issues already determined [cite omitted], when the allegations of the complaint are beyond credulity [cite omitted], when the complaint fails to state a claim upon which relief can be granted [cite omitted], or where there is little chance of success on the merits in light of the various defenses [cite omitted].

With these guidelines and principles in mind, the petitions tendered will now be considered. First, however, the Court takes judicial notice of the fact that petitioner is a notorious litigant who has left a trail of cases from the sandy shores of the Atlantic to the snow-capped mountains of the Great Rockies, from the chilly climate of Minnesota to the warm, blistering heat of Texas. *See, Green v. Arnold,* supra; *Green v. U. S. District Court,* supra; *Green v. Camper,* supra. Perhaps it stands to reason that petitioner would sooner or later invade the blue grass of the great Commonwealth of Kentucky. It is incomprehensible, though, why it is sooner rather than later since petitioner has never been an inmate in any prison, federal or state, in this Commonwealth. In any event, given his colorful history, petitioner's run in this Court shall be swifter than those of many thoroughbreds that have made the Run for the Roses under the twin spires of Churchill Downs.

Petitioner has filed more than five hundred (500) suits between 1972 and 1979. *See, Green v. Camper, supra* for a list of these cases. Included in this list are cases filed in the Western District of Missouri, the Eastern District of Missouri, the District of Minnesota, the District of Kansas, the District of Colorado, the Court of Appeals for the Eighth Circuit, the Court of

Appeals for the Tenth Circuit, the Supreme Court of the United States, the circuit courts of the State of Missouri, the Missouri Court of Appeals and the Missouri Supreme Court. He has filed at least twenty-nine (29) more in the District of Columbia (*See, Green v. U.S. District Court, supra*) and at least twenty-five (25) suits in the Western District of Texas (*See, Green v. Arnold, supra*). There is no indication that these are exhaustive lists. Now petitioner has tendered two (2) cases for filing in this Court.

Several published opinions have been rendered in the actions filed in the federal courts in Missouri and in some of those appealed to the Eighth Circuit. In *Green v. Camper, supra*, the court noted that inmate Green asserted in "a very broad and conclusionary fashion" that, inter alia, he had been denied permission to conduct services of the "Human Awareness Life Church" or to post notices of the same. 477 F.Supp. at 758–59. A like characterization applies to the pleadings herein. The *Camper* court found Green's contentions "frivolous" and "malicious," duplicative of other contentions he had made in other cases, and a bad faith attempt to swamp the court to cause it to be unable to administer and process its docket.

The *Camper* court adopted the report and recommendation of the magistrate. It was stated therein that the quality of Green's claims demonstrated the maliciousness of the legal actions. For example, after a full evidentiary hearing on the disciplinary actions that formed the bases of some suits, it was clear that there was no foundation to the claims; an evidentiary hearing set to adjudicate the "religious" claims was aborted by the dismissal of those actions by Green; another evidentiary hearing on a claim of physical abuse was dismissed by Green on the morning of the trial; and another evidentiary hearing upon Green's claim that prison officials had breached their settlement agreement by not allowing him to conduct "church" meetings resulted in a finding that there was no factual basis to his claim. " 'Thus, it is clear that, in virtually every instance in which plaintiff's [Green's] claims have appeared colorably valid on the face of his pleadings, an evidentiary probing of those claims has revealed total insubstantiality.' " 477 F.Supp. 769–770.

The Eighth Circuit finally tired of petitioner's litigious nature in *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) wherein it pronounced the following limitation on petitioner's ability to proceed in forma pauperis:

> Petitioner's abuse of in forma pauperis access to the courts by the filing of wholly unsubstantial pleadings is well documented. *See, e. g., Matter of Green*, 586 F.2d 1247 (8th Cir. 1978), *cert. denied*, 440 U.S. 922, 99 S.Ct. 1249, 59 L.Ed.2d 475 (1979); *Green v. Camper*, No. 79–4055 CV–C [477 F.Supp. 758] (W.D.Mo. Aug. 16, 1979). This court takes judicial notice of this abuse. Therefore, acting under our general supervisory power, we severely limit the circumstances under which future applications by petitioner for in forma pauperis status under 28 U.S.C. Section 1915 will be entertained by the courts of this circuit. Henceforth, the courts of this circuit will refuse to accept for filing any of petitioner's pleadings which are accompanied by applications for in forma pauperis status and affidavits of inability to pay the proper fees, except for those pleadings, if any, that specifically allege constitutional deprivation by reason of physical harm or threats thereof to petitioner's person. In such cases, the usual procedure under 28 U.S.C. Section 1915(a) will be followed...

*Id.* at 1055. The court in *Green v. U.S. District Court, supra*, favorably noted this limitation, stating that some of the requirements imposed "... were apparently intended to apply in *all* federal courts." 494 F.Supp. at 1038. Further it was clear that Green was trying to use that court as a vehicle for continuing his malicious pattern of litigation. The court concluded that Green, finally having been thwarted by the Eighth Circuit in his efforts to disrupt that docket, was attempting "to transfer his ac-

tivities to a new circuit with the hope that he will be able to continue his abusive practices in a court that is unaware of his previous activities." *Id.* The Western District of Texas arrived at the same conclusion when petitioner invaded the Fifth Circuit. To his misfortune, petitioner's reputation precedes him. Heeding the advice encompassed in the adage "those who cannot remember the past are condemned to repeat it," this Court adopts the rationale of its sister jurisdictions.

Finally, the Court notes one other aspect of the inimitable petitioner Green. In *Green v. Wyrick*, 428 F.Supp. 732 (W.D.Mo. 1976), the court found Green "to have engaged in a deliberate, intentional, knowing attempt to deceive the Court as to his true financial status in order to obtain leave to proceed in forma pauperis with his highly numerous lawsuits." *Id.* at 739. In a footnote explaining that statement, the court noted that during the period in question Green had received an income in excess of $230.00, spent over $230.00 on various items and had often charged other inmates for his legal services. He had frequently received gifts of money which he contended did not belong to him personally but to him as minister of his "Human Awareness Life Church." In addition, the court took judicial notice of Green's sworn statement in another case that he possessed a substantial amount of money in a Swiss bank account.

"... [N]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (8th Cir. 1975). But petitioner apparently has an insatiable desire to try. This Court will not countenance such flagrant abuses. As the *Camper* court concluded:

> [U]nless the Courts of this Nation are to be deemed to be powerless to stop such a flagrant abuse of the judicial process, one man will be able to preempt so much judicial time at the trial and appellate levels as to thwart the very ability of the judicial system to carry out its necessary judicial function of properly processing its criminal and civil dockets of cases filed

by other litigants who may have meritorious matters.

477 F.Supp. at 771.

Accordingly, petitioner's motions to proceed in forma pauperis are DENIED and the above-captioned petitions tendered for filing are hereby DISMISSED under 28 U.S.C. Section 1915(d) as frivolous and malicious.

Further, petitioner's motions to appeal in forma pauperis are hereby DENIED, it being hereby certified that they are not taken in good faith.