**John Robert DEMOS, Petitioner,**

v.

**KINCHELOE; Attorney General of State of Washington; Yakima County Superior Court, Respondents.**

**No. C–82–891–RJM.**

United States District Court, E.D. Washington.

Dec. 7, 1982.

John Robert Demos, pro se.

Kenneth Eikenberry, Atty. Gen. of the State of Wash., Olympia, Wash., for respondents.

## ORDER

ROBERT J. McNICHOLS, Chief Judge.

Between November 8th and December 1st of this year, Mr. Demos lodged seventeen § 1983 complaints and three habeas corpus petitions thereby bringing his career total in this district up to 184 separate actions in just over three years' time. Among the claims the court is now being asked to expend its resources on are such colorful and innovative contentions as the following:

—Declaratory judgment that all current Washington State law is unconstitutional because no statutes enacted subsequent to the 1881 code have been ratified by Congress.

—Award of damages because prison guards have refused to address plaintiff by his Islamic name.

—Guards are misappropriating institutional property.

—Prison employee handling food failed to wear gloves or proper headgear.

—Writ of mandate should issue to require Congress to redraft language in the Declaration of Independence.

It appearing that plaintiff/petitioner lacks sufficient funds to prosecute these actions, it is hereby

ORDERED that the Clerk shall file each complaint and each petition under its own caption without payment of a filing fee.

It appearing that each and every complaint and petition is frivolous, malicious, repetitive, de minimis, wholly insubstantial, or insufficient to invest the court with subject matter jurisdiction, and that none is amenable to cure through amendment, it is hereby

ORDERED that each action is DIS-MISSED with prejudice.[1]

So long as Mr. Demos confined his submissions to a leisurely pace of two or so per week, his contributions to prisoner-related judicature were tolerable, and indeed were welcomed by the staff as invigorating respites from an otherwise workaday schedule. Now, however, the stride has quickened. Unlike vitamins and apples, the effect of digesting Demos' pleadings on a schedule of one-a-day, every-day, is somewhat less than salubrious. "[N]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). If that axiom is to have any meaning at all, then it is high time to develop some means of bringing Demos' excesses in this direction under some semblance of control.

Among the intriguing legal problems posited in the past are the following, culled from a memorandum entered April 29, 1981:[2]

—The U.S. Nuclear Regulatory Commission is endangering the lives of every citizen in the state of Washington because of the nuclear energy plants at Hanford, Washington.

—As a member of the Chocktaw Indian Tribe, Mr. Demos is entitled to $15 million dollars from the government as reimbursement for treaties that were broken in the 1800's.

—The Director of State Corrections unlawfully discriminated against Mr. Demos on the basis of sex by not honoring his request to be transferred to Purdy Correctional Center, an all-women institution.

—The United States Department of Treasury has violated Mr. Demos' civil rights by discontinuing the practice of backing treasury notes by silver.

Not content to merely present absurd propositions, Mr. Demos also frequently engages in outright fabrication in the heat of his litigious zeal. *See, e.g.,* C–79–74 through C–79–77 inclusive and C–79–399 (representation on motion to re-file that he had taken voluntary dismissal when in fact actions had been dismissed on the merits); C–82–660 (inadvertently submitted two contradictory renditions of the same event, one of which was necessarily false).

Nor has Demos confined his attentions to this court. Faced with an ever-spiraling drain on resources, Chief Justice Robert Brachtenbach of the Washington State Supreme Court felt constrained to enter an order specifically tailored to provide shelter from Demos' ceaseless barrage:

\* \* \* \* \* \*

A review of these two petitions, and a number of Mr. Demos' other petitions which have reached this court, establish beyond doubt that Mr. Demos is abusing the rules which are designed to permit post-conviction relief in appropriate cases. His petitions are often repetitive, in violation of RAP 16.4(d). Frequently they seek relief simply not available by personal restraint petition. Most of Mr. Demos' petitions have been insufficiently detailed to present claims which are comprehensible, let alone cognizable under established procedural and substantive law.

It is inappropriate that the justice system should continue to bear the costs associated with Mr. Demos' petition-filing whims. Accordingly,

*State Welfare Division,* 662 F.2d 1337, 1348 (9th Cir.1981).

---

1. While it does not appear that any conceivable set of factual assertions could serve to salvage these exercises in amphigory, Mr. Demos will be given the opportunity to try. Entry of judgment will be stayed for a period of thirty days at which time the court will again examine each complaint and petition in light of such supplemental material as Demos may care to offer. Specific findings and conclusions with respect to each submission will be entered at that time. See *Franklin v. State of Oregon,*

2. This memorandum was entered in support of orders dismissing some sixty-four actions specifically found to have been brought in bad faith and to be malicious on their face within the context of 28 U.S.C. § 1915. See *Demos v. Ray,* 81–3343 through 81–3403 inclusive, 9th Cir., July 28, 1981 (affirming without comment).

IT IS HEREBY ORDERED:

(1) The petitions in cause Nos. 48286–1 and 48287–0 are hereby dismissed as frivolous.

(2) Any future petitions submitted to this court by Mr. Demos shall be reviewed by the Commissioner or Clerk prior to their acceptance for filing. The petitions shall be returned to Mr. Demos without filing unless the Commissioner or Clerk determines that any such petition on its face presents a sufficiently detailed, non-repetitive claim as to warrant calling for an answer from the proper respondent.

*In re Demos,* Nos. 48286–1, 48287–0, December 22, 1981.[3]

In light of *Franklin, supra,* it is apparent that this court does not share the luxury enjoyed by the State Supreme Court. Although the trial court in *Franklin* was overruled, Judge Burns' expression of frustration bears quotation:

For the reasons given, each of these actions should be dismissed. Mr. Franklin may have nothing better to do than to pepper this court with frivolous claims and paper work. This court, however, has better things to do than to canvass all of his complaints [footnote omitted].

While *Potter v. McCall,* 433 F.2d 1087 (9th Cir.1970), requires that we be solicitous of pro se pleaders, nothing in *Potter* requires us to put up with this sort of nonsense, at taxpayers' expense and at the expense of others with claims or defenses of more apparent merit.

662 F.2d at 1340.

*Franklin* is an admirable statement of the concern which has traditionally been, and

must continue to be, shown for the pro se litigant whose sense of anomie and impotence leaves him naked and vulnerable before the sometimes cruel whims of institutional bureaucracy. Somehow though, a way must be found to minimize the waste created by "this sort of nonsense," and yet at the same time remain well within both the letter and principle of this mandatory precedent.

Fortunately, Mr. Demos has a kindred spirit in the personage of the legendary Clovis Carl Green, a man who has filed no less than 600 separate actions.[4] *In re Green,* 669 F.2d 779, 781 (D.C.Cir.1981). This is fortunate because Mr. Green's exploits have resulted in a legacy of guidance for dealing with the instant case.

A comprehensive treatment of the vexation which can be visited upon the judiciary by just one man bent on immobilizing the system is chronicled in *Green v. Arnold,* 512 F.Supp. 650 (W.D.Tex.1981).[5] Comparing Mr. Green's proclivity for mischief with that of the mythological Loki, the court noted parenthetically that:

When the Teutonic Gods tired of Loki's troublemaking, they chained him to the rocks with a poisonous snake suspended above him, dripping poison on Loki.... That case arose prior to the Eighth Amendment.

*Id.* at 652 n. 11 (citation omitted).

As the toll upon judicial resources steadily mounted, courts began to fashion various prophylactic devices designed to effect a delicate balance between preservation of Mr. Green's right of access to the courts and their own self-preservation. *See, e.g., Green v. Carlson,* 649 F.2d 285 (5th Cir.),

---

**3.** The State Supreme Court can hardly be faulted for taking necessary measures to protect itself from such abuse, but since Demos has yet to satisfy this procedure, it places habeas corpus petitions submitted by him to this court which contain unexhausted claims in a curious position in light of *Matias v. Oshiro,* 683 F.2d 318 (9th Cir.1982).

**4.** It should be noted that Green accumulated his score over the course of a decade. Demos has racked up his total in a scant three years. It should also be noted that the figures for

Green are based on a nation-wide survey, while Demos' filings are presently known to the court only for this district. Left to his own devices, and given any encouragement at all, it is a safe wager that our own Mr. Demos could easily dethrone the current champion.

**5.** One court has devoted ten pages of its opinion to listing, citation by citation, more than 500 actions filed by Green in the federal system alone. *Green v. Camper,* 477 F.Supp. 758 (W.D.Mo.1979).

*cert. denied,* 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981) (no further forma pauperis filings to be accepted unless based on physical harm); *Green v. White,* 616 F.2d 1054 (8th Cir.1980) (same); see also *Green v. Wyrick,* 428 F.Supp. 732 (W.D.Mo.1976) (enjoining Green against serving as "writ writer" for fellow inmates).

The impetus underlying the *Carlson* and *White* decisions is equally applicable here. Adoption of the remedy set forth in those cases, however, would likely be ill-advised for two reasons. First, if such an order were to be instituted, it should arise at the Circuit level and not from a district court. As broad as inherent judicial authority may be, I would be most reluctant to establish a rule which arguably would run across the grain of the spirit of *Franklin, supra.* Second, it would not work. Knowing Mr. Demos, his mode of operation would suffer only a momentary setback, and it would not take long before *all* of his complaints would allege some type of physical harm, and of course, all would be of a constitutional magnitude.

The better course would be to embrace the antidote recently discovered by the District of Columbia Circuit in *In re Green, supra:*

The singular nature of Clovis Carl Green's abuse of the judicial process may explain why there is so little guidance for district courts in dealing with this problem. Yet the accumulated frustration of the federal judiciary and the present need to deter Green and others who may follow him require us to enter an order that

is both effective and constitutional. We follow the lead of other courts but proceed in a somewhat different manner. The district court is directed to vacate its amended order of June 12 and to enter in its stead the following:

Petitioner may not file any civil action without leave of court. In seeking leave of court, petitioner must certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

Our order is admittedly, severe. But we believe severity is called for at this time. This court does not intend to be burdened and harassed by the frivolous and malicious filings that have become the trademark of Clovis Carl Green. We hope the genuine prospect of further incarceration that our order raises will send a clear message to Green to observe strictly the terms and conditions of this order or else risk another postponement of his release from prison. We are not relying on any hope of reforming Green, or of appealing to his reason; we are saying point-blank that if he continues to show his contempt for the orderly judicial process, that process will accord him further time in prison as summarily as the law allows.

669 F.2d at 787 (footnote omitted).[6]

Both the analysis and the conclusion of *In re Green* are entirely apposite in the instant case, and the discussion found in that deci-

---

**6.** The court's remedy was obviously prompted by Green's ongoing experience as a result of his violations of the injunction entered in *Wyrick, supra.* Enjoined from acting as a "writ writer," he continued in this role anyway and was ultimately found guilty on three counts of contempt and sentenced to five months imprisonment to run consecutively to the sentence on state charges which he was then serving. On appeal, the sentence was sustained. *Matter of Green,* 586 F.2d 1247 (8th Cir.1978), *cert. denied,* 440 U.S. 922, 99 S.Ct. 1249, 59 L.Ed.2d 475 (1979). Subsequent events may prove to be of some edification to Mr. Demos.

Despite the outstanding injunction and three-count conviction for contempt, Green

persisted.... On May 23, 1979, Green was convicted on five counts of contempt. The district court, demonstrably impatient with Green's stubborn refusal to obey the court's injunction, sentenced Green to *two years imprisonment on each count,* with the sentences to run consecutively and only after Green finished his present five month sentence for contempt imposed in 1978.

*In re Green, supra,* at 783 n. 10 (emphasis original). As the court further noted, "Green would be a free man today were it not for the several sentences the district court for the Western District of Missouri imposed for contempt convictions in 1978 and 1979 ..." *Id.* at 782.

sion regarding the impact of such an order vis a vis the constitutional right of access to the courts is incorporated herein by reference. *Id.* at 785–86. No less radical a remedy will bring the indefatigable Mr. Demos within the bounds of rationality. The Clerk is directed to prepare and make available to Demos a form as follows:

I, John Robert Demos, certify that the claim(s) presented in the attached complaint or petition are new claims which have never before been raised and disposed of on the merits by any federal court. I understand that any action that has previously been dismissed as frivolous or malicious, whether by this court or any other federal court, will be construed as having been disposed of on its merits. I further understand that if I falsely certify that a claim is new when it is not, I may be found in contempt of court and punished by imposition of a sentence in addition to the sentence I am now serving.

This form, signed by plaintiff, must accompany any and all actions sought to be filed by Mr. Demos in forma pauperis, and any complaint or petition sought to be filed in forma pauperis which is not accompanied by said certification is to be returned to Demos without further action of the court.

Entry of judgment shall be stayed for a period of thirty days to allow Mr. Demos the opportunity to lodge any objection he might have to either sua sponte dismissal of the subject claims, or to implementation of the special procedure detailed above. See *In re Oliver,* 682 F.2d 443 (3d Cir.1982).

IT IS SO ORDERED.