[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13222

Non-Argument Calendar

_____

DURELL SIMS,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:19-cv-14380-AMC

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Durrell Sims, a state prisoner proceeding *pro se*, appeals the district court's order granting summary judgment in favor of the Secretary for the Florida Department of Corrections ("FDOC"). Sims filed a complaint under 42 U.S.C. § 1983, alleging that the Secretary subjected him to cruel and unusual punishment under the Eighth Amendment because the FDOC's policy of handwashing trays and utensils created unsanitary conditions and requesting injunctive relief requiring the installation of mechanical dishwashers. The district court ultimately granted summary judgment in favor of the Secretary, determining that Sims had failed to raise a genuine issue of material fact as to either prong of his Eighth Amendment claim.

On appeal, Sims argues the district court erred in granting summary judgment because he had shown that handwashing dishes exposed him to severe conditions of confinement and the secretary acted with deliberate indifference to such conditions. The Secretary subsequently filed a motion to dismiss the appeal as moot because Sims was transferred from Martin Correctional Institution, where he was housed when he filed the suit, before the district court granted summary judgment, and mechanical dishwashers had been installed at Martin Correctional Institution and over sixty other Florida prisons. We carried the Secretary's motion to dismiss with the case.

21-13222                Opinion of the Court                3

We review *de novo* whether a case is moot. *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2004). "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting U.S. Const. art. III, § 2). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* at 1336 (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* "Where a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss as moot." *Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010) (quoting *Bekier v. Bekier*, 248 F.3d 1051, 1055–56 (11th Cir. 2001)). "The burden of establishing mootness rests with the party seeking dismissal." *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 916 (11th Cir. 2009).

A *pro se* litigant cannot bring a claim on behalf of others. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (explaining that 28 U.S.C. § 1654, which permits parties to proceed *pro se*, provides "a personal right that does not extend to the representation of the interests of others"). Absent class certification, a

prisoner's claims for injunctive and declaratory relief are mooted by his transfer from the facility where the cause of action arose, even when there is no guarantee that he will not be returned to his original facility. *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984)).

However, in *Hardwick v. Brinson*, 523 F.2d 798 (5th Cir. 1975)[1], the former Fifth Circuit determined that an inmate's claims seeking injunctive relief against the head of the state prison system for unconstitutional censorship were not moot post-transfer because prison officials could not guarantee the inmate would not return to the prison he was transferred from. *Id.* at 799–800. The court also determined that the inmate's claims, which he had raised in separate suits in all three district courts in Georgia, should proceed in the Middle District because that was where he was presently incarcerated and any injunctive relief would be binding on the defendants at the former prison where he was incarcerated

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit decided prior to the close of business on September 30, 1981.

because he had named the head of the state prison as a defendant in his complaint in the Middle District. *Id.* at 800–01.

We later distinguished *Hardwick*, however, from other cases that involved alleged unconstitutional conditions at a specific jail rather than the statewide system. *McKinnon*, 745 F.2d at 1363 (distinguishing the case from *Hardwick*, which involved unconstitutional censorship throughout the state's prison system, because the plaintiff only alleged unconstitutional conditions at a jail where he was no longer incarcerated).

Here, because Sims's claims only applied to conditions at Martin Correctional Institution, we grant the secretary's motion to dismiss the appeal as moot. Indeed, Sims was transferred from that facility and the FDOC has now installed dishwashers at his current facility and at Martin Correctional Institution.

**DISMISSED as moot.**