Fred Arispe CRUZ et al.

v.

W. B. (Bill) HAUCK, Sheriff of Bexar
County, and Jesse Dobbs,
Chief Jailer.

Civ. A. No. SA70CA182.

United States District Court,
W. D. Texas,
San Antonio Division.

June 27, 1972.

Frances T. Freeman Jalet, Houston, Tex., for plaintiffs.

Ted Butler, Crim. Dist. Atty., Lucien B. Campbell, Asst. Crim. Dist. Atty., Bexar County, Tex., for defendants.

ORDER

SPEARS, Chief Judge.

This Court's order of dismissal dated October 30, 1970 having been vacated and this cause having been remanded

for further consideration in light of *Younger v. Gilmore*, 404 U.S. 15, 92 S. Ct. 250, 30 L.Ed.2d 142 (1971), the issue presented for determination is whether the inmates in the Bexar County Jail are denied the use of their personal law books, and are thus deprived of access to the Courts, in violation of the Constitution of the United States.

 The record herein reflects without dispute that inmates in the Bexar County Jail are free to use and retain any personal legal materials and supplies in the cell block area, except hard bound books, provided, sufficient floor and wall space is available for storage.[1] Since hard bound books are considered by the jail authorities to be potential weapons, they are not allowed in the cell block, but they may be used in restricted areas, such as isolated cells.[2] This Court, therefore, finds that the personal legal materials and supplies, including the hard bound books, are not totally banned from use by the inmates, and that the restrictions placed on their use

by the Bexar County Jail are not unreasonable under the circumstances.

 In their objections to the rules and regulations of the Bexar County Jail, plaintiffs contend for the first time that the county has an obligation under the Federal Constitution to provide complete law library facilities for the jail inmates. This contention, although belatedly made, is, nevertheless, without merit, because there is no such obligation imposed upon the county authorities. See *Hatfield v. Bailleaux*, 290 F.2d 632 (9th Cir.1961). Besides, every indigent defendant in the Bexar County Jail who desires the services of an attorney is supplied one without charge, and through such attorney he has access to the entire Bexar County Law Library. Any such attorney who represents a prisoner making complaints pursuant to Section 1983 can now be paid compensation, even though it may be somewhat limited.[3] See *Campbell v. Beto*, 460 F.2d 765 (5th Cir. 1972). In addition to several hundred practicing attor-

---

1. In advising the Court concerning the proposed rules and regulations for the Bexar County Jail, the respondents stated, among other things:

 That legal materials and law books are available to prisoners if they have their own material or if their attorney supplies said materials, or if said treatises or texts are ordered from any publishing company by United States Mail; provided that said legal materials do not have hard bound covers, and provided further that the storage and maintenance of said materials do not unreasonably restrict and limit floor or wall space dimensional of the jail cell block.

 That whereas every prisoner in the Bexar County Jail has access to retained or court appointed counsel and whereas every attorney has access to the Bexar County Law Library, it is proposed that every prisoner has and will have access to the Law Library through his attorney and may receive through his attorney any photostatic materials that he and his legal counsel deem necessary for the prisoner to seek his judicial remedies.

 That the censors at the Bexar County Jail do not censor any correspond-

 ence between prisoners and their attorneys and based upon said premise such privileged communications including the receipt of legal materials will be expedited through the use of the United States Mail.

 If storage space is reasonably required in addition to that available to an inmate in the cell block, it could and should be supplied in an isolated cell to which the inmate would have access at reasonable times and under reasonable conditions.

2. Plaintiff Cruz alleges that he was permitted to have hard cover law books in isolated quarters, but he objected to this as being "cruel and deliberately repressive."

3. Even if a prisoner insists upon his right to represent himself, an appointed attorney can assist him with legal research, as well as by securing reference books from the Bexar County Law Library for his use. Such an attorney can also be useful in *pro se* matters by assisting with the various discovery techniques. *See* Campbell v. Beto, 460 F.2d 765 nu. 7 (5th Cir. 1972).

neys regularly appointed by the Courts to represent indigent defendants in criminal cases, there are other agencies in Bexar County, including the Bexar County Legal Aid Association, the Mexican-American Legal Defense and Educational Fund, and the American Civil Liberties Union, which furnish attorneys to represent litigants in certain civil matters as well. It would appear, therefore, that the assistance presently available to prisoners in the Bexar County Jail is adequate to guarantee to them the kind of "access to the Courts" contemplated by *Younger v. Gilmore*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971), affirming *Gilmore v. Lynch*, 319 F.Supp. 105 (N.D.Cal. 1970).

Any relief sought in their complaint that is not herein granted the plaintiffs is hereby denied, and it is so ordered.