649 F.2d 285
 Reverend Clovis Carl GREEN, Jr., No. 00049-045, Segregation
Unit, Federal Correctional Institution, Box 1000,
Anthony, New Mexico, 88021, Petitioner,
v.
Norman A. CARLSON, Director, Federal Bureau of Prisons,
Washington, D.C., andU. S. Parole Commission, Washington,
D.C., and Floyd Arnold, Warden, FederalCorrectional
Institution, Box 1000, Anthony, New Mexico, 88021, Respondents.
 No. 81-1265.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A
 June 17, 1981.
 Clovis C. Green, Jr., pro se.
 Edward Charles Prado, Interim U. S. Atty., San Antonio, Tex., for respondents.
 Order on Petition for Writ of Mandamus, Etc.
 Before GEE, RUBIN and RANDALL, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 Clovis Carl Green, Jr., brings to us yet another congeries of pro se motions demanding special treatment, instant action, mandamus, habeas corpus, etc. Green, the instigator of hundreds of frivolous and malicious pro se actions,[1] is the subject of a recent order of this court, filed April 27, 1981, and appended at the foot. The motions before us, filed April 20, are not controlled by that order.
 
 
 2
 We have therefore carefully examined them and find them to be frivolous, advanced in forma pauperis, and void of claim that Green's constitutional rights have been invaded by reason of physical harm or threats to Green's person. As such, they continue Green's "pattern of malicious and frivolous filings" noted in our earlier order. Prisoners and others have honest claims upon our limited capacities of time and judgment. The attention which Green's spurious ones have demanded insures that other claims of arguable merit must tarry. In the event that Green's pattern continues, we commend the contempt sanction to any panel upon which he seeks to impose. Today we forbear, since the instant flock were prepared and presented before the entry of our order appended. They are
 
 
 3
 DISMISSED.
 
 APPENDIX
 IN THE UNITED STATES COURT OF APPEALS
 FOR THE FIFTH CIRCUIT
 Unit A
 
 
 81-1186
 
 
 IN RE:
 
 4
 CLOVIS C. GREEN, JR.,
 
 
 5
 Petitioner.
 
 Memorandum and Order
 
 6
 (April 27, 1981)
 
 
 7
 Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.
 
 BY THE COURT:
 
 8
 This Court has considered petitioner's various motions for leave to proceed in forma pauperis, expedited appeal, appointment of counsel, consolidation, writs of mandamus, and other motions.
 
 
 9
 Petitioner has a lengthy history of filing numerous suits in various courts throughout the country. See, e. g., Green v. Camper, 477 F.Supp. 758, 759-68 (W.D. Mo. 1979) (listing over 500 cases filed by petitioner in state and federal courts). These courts have recognized that petitioner has repeatedly abused the judicial process and some have barred further filings by him. See, e. g., Green v. White, 616 F.2d 1054 (8th Cir. 1980); In re Green, 598 F.2d 1126 (8th Cir. 1979); In re Green, No. 80-1039 (D.C. Cir., Aug. 29, 1980) (order instructing Clerk not to file any further papers by petitioner); Green v. Wyrick, 428 F.Supp. 732 (W.D. Mo. 1976).
 
 
 10
 No one, rich or poor, is entitled to abuse the judicial process. Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975). Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. See Camper, 477 F.Supp. at 770-71.
 
 
 11
 The same pattern of malicious and frivolous filings is now apparent in this Circuit. Recognizing the need to curtail further frivolous and malicious filings, this Court will invoke its general supervisory power to control its docket.
 
 
 12
 IT IS ORDERED that the above-numbered cases be consolidated, transferred to the general docket, and submitted to a panel.
 
 
 13
 IT IS FURTHER ORDERED that although petitioner has not complied with Fed.R.App. Pro. 21(a) or 21(d), this Court will accept only one copy of each petition for the purpose of this consolidated appeal only, and will accept petitioner's proof of service by mail.
 
 
 14
 IT APPEARING to this Court that all of the petitions either are frivolous, malicious, or repetitive, not taken in good faith, or fail to state a claim upon which relief can be granted;
 
 
 15
 AND IT FURTHER APPEARING that petitioner has failed to meet his burden of establishing a strong showing of necessity for issuing writs of mandamus;
 
 
 16
 IT IS FURTHER ORDERED that all of petitioner's other petitions and motions are hereby denied.
 
 
 17
 IT FURTHER APPEARING to this Court that petitioner's malicious abuse of the process of this Court and the process of the District Courts within this Circuit is overburdening this Court and said District Courts;
 
 
 18
 IT IS FURTHER ORDERED that (1) the Clerk of this Court shall not accept for filing any further petitions for writs of habeas corpus or mandamus submitted by petitioner, except as herein provided; (2) the Clerk of this Court shall not accept for filing any other petition or any complaint, motion, or other pleading that is accompanied by an application for leave to file or proceed in forma pauperis, except as herein provided; (3) an exception is made to this Order for any petitions, complaints, motions, or other pleadings that specifically allege constitutional deprivation by reason of physical harm or threats to petitioner's person;
 
 
 19
 AND IT IS FURTHER ORDERED that the District Courts within this Circuit may refuse to accept for filing any petitions, complaints, motions, or other pleadings that are accompanied by applications for leave to file or proceed in forma pauperis, except for those petitions, complaints, motions, or other pleadings that specifically allege constitutional deprivation by reason of physical harm or threats to petitioner's person; for cases within the above exception, the usual procedure under 28 U.S.C.A. § 1915(a) will be followed, and the District Court, pursuant to 28 U.S.C.A. § 1915(d), may dismiss the petition or complaint without requiring a response if the allegation of poverty is untrue, or if in its judgment the pleading is frivolous on its face or malicious.
 
 
 
 [1]
 See Green v. Camper, 477 F.Supp. 758 (W.D. Mo. 1979), noting over 500 such filings