**Robert Lee GILL, Jr., Plaintiff,**

v.

**Joe NEAVES, et al., Defendants.**

**Robert Lee GILL, Jr., Plaintiff,**

v.

**Judge Phil CHAVARRIA,
Defendant (Two Cases).**

**Nos. SA–82–CA–582, SA–86–CA–991
and SA–86–CA–998.**

United States District Court,
W.D. Texas,
San Antonio Division.

March 10, 1987.

Robert Lee Gill, Jr., pro se.

Barry Hitchings, Asst. Crim. Dist. Atty., San Antonio, Tex., for defendants.

## ORDER

SESSIONS, Chief Judge.

ON THIS DATE came on to be considered the disposition of the above-styled and numbered causes. Also under consideration is the Plaintiff's abuse of the judicial process. Initially, the Court points out that it has not consolidated the three above-styled and numbered causes; it has simply disposed of all of these causes in the same Order for the convenience of the Court.

### I. CAUSE NO. SA–82–CA–582

### IA. HISTORY OF THE CASE

Plaintiff, an inmate at the Bexar County Jail, San Antonio, Texas, brought his complaint in Cause No. SA–82–CA–582, alleging that Bexar County Sheriff Neaves, Deputy Sheriff Jones, and Deputy Commander Arcos conducted an illegal search of his property without probable cause. Plaintiff complained that on August 17, 1982, Defendant Jones, without probable cause, illegally searched the Plaintiff and "rough[ed]" his "legal works as well." Plaintiff brought suit against Defendant Jones as the person who conducted the alleged illegal search, against Defendant Neaves as the person who was legally responsible for the jail and its policies and procedures, and against Defendant Arcos as the administrator of the jail and the person responsible for the other Defendants' actions. In subsequent correspondence with the Court, Plaintiff again stated that his complaint concerned a single incident involving a search of Plaintiff and other inmates' legal materials and some destruction of his writs. *See Plaintiff's Answer to the Court's Questionnaire* filed January 3, 1984.

This complaint was received by the Clerk's office on August 24, 1982, and on that same date this matter was referred to

the Honorable Robert B. O'Connor, United States Magistrate, for his review and recommendation. On October 8, 1982, the Magistrate ordered his complaint filed, granted his request for leave to proceed *in forma pauperis*, and issued summonses. The Defendants all filed motions to dismiss for failure to state a cause of action and for failure to prosecute. Thereafter, on October 13, 1983, the Magistrate entered his findings and recommendation that Plaintiff's complaint be dismissed with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On December 14, 1983, this Court entered its Order rejecting the Magistrate's findings and recommendation and referred the case back for further proceedings.

After nearly two years, a second set of findings and recommendation was submitted on January 10, 1984. This time, the recommendation was that Plaintiff's complaint be dismissed for failure to state a cause of action for which relief may be granted under 42 U.S.C. § 1983. Again, this Court rejected the findings and recommendation of the Magistrate and remanded the case for further consideration in light Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); and Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

After analyzing Plaintiff's complaint as directed by this Court, the Magistrate entered a third set of findings and recommendation on January 23, 1986, again recommending dismissal for failure to state a cause of action under § 1983. On August 5, 1986, this Court entered a third Order. This time this Court adopted the Magistrate's third set of findings and recommendation.

First, the Court rejected Plaintiff's argument that there was a violation or deprivation of a constitutional right secured to him because Defendants' actions allegedly violated a consent decree entered into by the Sheriff and Bexar County Jail officials and a class representing all prisoners in the

Bexar County Jail. *See Devonish v. Garza,* Cause No. SA–73–CA–79. This Court found Plaintiff's argument to be without merit because "[t]he mere approval by this Court of a consent decree by parties to a civil action does not raise the status of that decree to the status of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Court's Order filed August 5, 1986* at 4 (citations omitted). Second, this Court rejected Plaintiff's argument that the single search of his person and his legal materials violated his Fourth Amendment rights against unreasonable search and seizures. This Court found that Plaintiff's Fourth Amendment contention failed to state a claim because "a prisoner has no Fourth Amendment right to privacy largely because of justifiable institutional concerns of safety and security (of) prisoners," thus requiring dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Court's Order filed August 5, 1986* at 8 (relying upon *Hudson v. Palmer, supra,* and *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

This Court's inquiry, however, did not end with its finding that Plaintiff had failed to state a claim for a Fourth Amendment violation. Despite the fact that Plaintiff had alleged only a single search of his legal materials on August 17, 1982, this Court stated that Plaintiff may have a cause of action under § 1983 if he could prove that Defendants engaged in frequent searches, seizures and destruction of his legal materials. *See Court's Order filed August 5, 1986* at 9–11. This Court stated that "a constant practice of searching and destroying a prisoner's legal materials might constitute a violation of the right of access to the courts." *Id.* at 10 (citing *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). Accordingly, this Court remanded this case to the Magistrate for "the very limited purpose of determining whether Petitioner can state a cause of action" under *Bounds, supra.* This Court emphasized that the Magistrate's inquiry was *"a very limited one,* and should *focus solely* on whether the alleged violations are so pervasive as to rise to a level of a violation of Petitioner's right of access to the courts." *See Court's Order filed August 5, 1986* at 10–11 (emphasis added).

Therefore, on August 26, 1986, the Magistrate entered an Order setting an evidentiary hearing for Thursday, September 11, 1986 "for the limited purpose of determining whether Plaintiff can state a cause of action pursuant to 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment right to access to the courts ..." To aid the Magistrate at this hearing, an Order was entered that a writ of habeas corpus ad testificandum issue to the Sheriff of Bexar County, directing him to deliver Plaintiff to the custody of the United States Marshal for the purpose of giving his testimony at the hearing. Additionally, Plaintiff's application to subpoena witnesses was granted and the proper forms were issued to Plaintiff and the United States Marshal with order to serve the executed subpoenas upon the respective witnesses. Two other writs of habeas corpus ad testificandum were also issued for Sterling Haines and Will Roy Bratcher, both of whom are incarcerated in the Bexar County Jail. The Court also granted Plaintiff's application to subpoena additional witnesses and issued the subpoena forms for execution by Plaintiff.

On Thursday, September 11, 1986, the hearing was convened at 9:45 a.m. After announcements by the parties and about 10 minutes of preliminary matters, Plaintiff took the witness stand. At that time, he requested that the District Clerk's file pertaining to the case be produced for his review. The Magistrate granted the request and recessed the hearing for approximately 30 minutes while Plaintiff reviewed the file. At the end of 30 minutes, Plaintiff protested that he needed additional time. The Magistrate then recessed the hearing until the next morning, allowing Plaintiff to remain in the courtroom and examine the file to his satisfaction. Further, Defendants' counsel was ordered to search the files at the Bexar County Jail for any grievances which may have been filed by Plaintiff against Defendant Jones concerning his seizure or destruction of Plaintiff's legal materials during the time period of June through November, 1982.

At 7:50 a.m. on Friday, September 12, 1986, the Marshals Service reported that Plaintiff was present. At 8:10 a.m. the security guard at the front door was instructed to admit Rose Gill, Plaintiff's mother, with his personal papers. Mrs. Gill arrived at 8:18 a.m. The Marshals Service escorted Plaintiff to the courtroom at 8:24 a.m., at which time he was handed his personal papers by Mrs. Gill. At that time, the Magistrate advised Plaintiff that he would be given forty-five (45) minutes to examine the documents and then the hearing would begin. The hearing was reconvened at 9:10 a.m.

As a result of the evidentiary hearing, the Magistrate made 49 findings of fact and 11 conclusions of law. It was the Magistrate's recommendation that Plaintiff's claim of denial of access to the courts be dismissed with prejudice for failure to state a claim for which relief can be granted under 42 U.S.C. § 1983 as to all of the Defendants because the Plaintiff had shown at the most, only a factual issue as to whether there was a single search of his legal materials on August 17, 1982.

## IB. PENDING MOTIONS

Before this Court considers the Magistrate's findings of fact and conclusions of law, a number of pending motions need to be resolved. First, however, the Court will point out that Plaintiff called the Court's law clerk and stated that he thought there had been a filing problem with some of his motions. Plaintiff called chambers on October 31, 1986, and indicated that he had been in contact with the Clerk's office and that they did not have any record of the filing of his motion for temporary restraining order or preliminary injunction. The Court's law clerk reviewed both the Court's and the Clerk's files and found that Plaintiff's motion for temporary restraining order or preliminary injunction and Plaintiff's brief in support had been attached to the Plaintiff's affidavit in support and that therefore, the motion and brief had not been given a separate docket entry or file mark. The Court's law clerk resolved the

problem by directing the docket clerk handling this cause to provide separate entries on the docket sheet for the motion and the brief in support, and to file stamp each with the date that the affidavit in support was received, October 20, 1986. Upon subsequent review, another of the Court's law clerks noticed that Plaintiff's motion to reconsider Order or in the alternative, motion for leave to take an interlocutory appeal *in forma pauperis* was not provided a docket entry or file stamp because it was stapled beneath Plaintiff's affidavit in support of his motion to reconsider. The affidavit in support was, however, given a docket entry and a file stamp. This law clerk also resolved the problem by directing the docket clerk to provide a separate entry on the docket sheet for the motion to reconsider and to file stamp the motion with the date that the affidavit in support was received, November 18, 1986. Thus, the only filing problem which was present in this cause was that Plaintiff occasionally stapled all of his documents together such that only the top document received a file stamp and a docket entry. All the documents which Plaintiff has sought to file, however, are before the Court and now have a separate file stamp and docket entry. The Court is satisfied that it has all the documents necessary to resolve this cause.

The first motion the Court will consider is the Plaintiff's motion for temporary restraining order or preliminary injunction. In connection with this motion, Plaintiff filed an affidavit and a brief in support, an amended affidavit in support and a motion for summary judgment on his motion for a temporary restraining order or preliminary injunction. Defendants have responded to these two motions.[1]

After due consideration, the Court is of the opinion that Plaintiff's motion for temporary restraining order or preliminary injunction (and his derivative motion for summary judgment and issuance of a preliminary and permanent injunction) against Defendants and their agents should be de-

---

1. Plaintiff filed a motion for contempt of Court because the Defendants, although ordered to respond, did not respond within the time set forth in the Court's Order. After due consideration, the Court is of the opinion that this motion should be denied.

nied. Initially, the Court points out that the Magistrate entered a scheduling order in this cause on January 10, 1984. This scheduling order required the Plaintiff to file his motions on or before May 11, 1984. This motion is obviously untimely. Furthermore, the Court is not of the opinion that it should consider this motion timely. Here, the Magistrate's findings and recommendation have been filed and this Court is ready to enter judgment. Finally, the grounds alleged in the motion have absolutely nothing to do with the underlying cause of action.

As shown above, the underlying basis of this cause of action is that on the night of August 17, 1982, Defendant Jones searched Plaintiff and his legal materials. Plaintiff filed suit contending that Defendants' actions constituted an unreasonable search and seizure. This Court denied that claim on August 5, 1986. The Court, however, remanded this action to the Magistrate for the *very limited inquiry* of whether there may have been a constant practice of destroying Plaintiff's legal materials. However, the issue for which this cause was remanded to the Magistrate is not even mentioned in the Plaintiff's motions.

The Court has reviewed Plaintiff's various motions, affidavits and briefs in support as they relate to his motion for temporary restraining order and preliminary injunction and finds that these materials contain five new allegations. Plaintiff's first allegation is that his First Amendment right to freedom of speech and expression has been violated by "substitute" Defendants' "enforcement of the unwritten policy of prohibiting pre-trial detainees (male and female) from speaking to one or another." *Motion for Temporary Restraining Order and/or Preliminary Injunction Pursuant to Rule 65, FRCP* at 1; *Affidavit in Support* at 2. In connection with this allegation, Plaintiff states that:

> On October 9, 1986, the plaintiff was present at the jail infirmary wherein, female prisoner Patsy Meyers and two other female prisoners were present ... Plaintiff inquired about his co-plaintiff Verna M. Wallace of SA–86–CA–240 was she still in administrative segregation. Female officer V. Hinch, informed the plaintiff that there is no talking to 'my girls'! Plaintiff stated to officer Hinch, that there existed no rules in the Inmate's Rule Book that prohibited such conversation between pretrial detainees. Officer Hinch stated it was the sheriff's policy and she was going to enforce it. Plaintiff requested to know how she was going to take away his first amendment right to freedom of speech and expression.

*Affidavit in Support* at 2. In connection with this first allegation, Plaintiff also contends that:

> the conspired punishment of the plaintiff for speaking to female prisoner and refusing to rack-up was a concerted conspiracy to violate the plaintiff's constitutional rights and to punish him. Without affording him due process and equal protection of law in total and direct violation of the plaintiff's constitutional rights as well as the consent decree of *Devonish vs. Garza.* [sic]

*Memorandum of Law in Support of Motion for Summary Judgment etc.* at 2–3.

Plaintiff's second allegation is that he is the victim of "a conspiracy designed to deprive the plaintiff of his due process and equal protection of laws rights as well as the rights furnished under the *Devonish vs. Garza* consent decree." *Id.* at 4. Plaintiff contends that his "rights were willfully, knowingly and wantonly violated in a concerted conspiracy to retaliate and punish the plaintiff for filing grievances and lawsuits against the sheriff's office and their policies." *Id.* Plaintiff identifies the perpetrators of this conspiracy thusly:

> Defendants' Copeland, Bailey, and Ass't. Director Reyes, Morales and Price have actual knowledge of the conspiracy to punish and retaliate against the plaintiff by use of the disciplinary committee as their tool of punishment and retaliation. The respondents' agents in the concerted conspiracy are Lt. McClure, Cpl. Belinda Santos, Cpl. Dean, Officers T. Stillman, Pat Perez, Sgt. Virgil, Angela Coleman, S. Barrientes, V. Hinch, Cuevas J. Hernandez, Luis Gonzalez, Abel Del Valle and Bailiff Russell of the 290th Judicial

Court of Bexar County, Texas and others that sat on the two disciplinary committees. *Brief in Support of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction* at 1.

Plaintiff's third allegation is that he was "inflicted with severe body pain by the excessive use of force and beating that he was subjected to by orders of Lt. McClure and at the hands of officers J. Hernandez, Luis Gonzalez and Robert Aguirre. Plaintiff has not been afforded adequate medical attention for the pain in his back & shoulders & his left eye." *Brief in Support* at 1–2; *Amended Affidavit in Support of Motion for Temporary Restraining Order, etc.* at 2–3.

Plaintiff's fourth allegation is that in 1982, his mother sent over $500 worth of law books to the Bexar County law library. Plaintiff contends that as a result of a conspiracy between (now Lt.) McClure and others, Plaintiff thought his mother had retrieved these books when he was transferred to the Texas Department of Corrections. Plaintiff states that on or about October, 1986, it had come to his attention that certain of his books were still in the law library. Plaintiff requested to have these books and Sgt. McClure stated that although he doubted the books were his, even if they were, they had become the property of the Bexar County Jail under the 30 day abandonment rule. *See Amended Affidavit in Support of Motion for Temporary Restraining Order, etc.* at 1–3. *See also Plaintiff's Motion to Specify Facts and Order* filed October 20, 1986 in Cause No. SA–86–CA–998.

Plaintiff's fifth allegation is based on numerous other contentions that the disciplinary proceedings are improperly conducted. Plaintiff requests that

The court should grant a temporary restraining order or, in the alternative, a preliminary injunction requiring the defendants and their agents from enforcing any unwritten rule or policy that is not written in the inmates rule book ... especially, the policy of no talking between male and female prisoners ... from denying all prisoners, who come from or before the disciplinary committee a copy

of the decision in writing and the evidence upon which the decision was based upon; and from basing their decision on any other factor except those presented at the hearing; from enforcing the disciplinary committees decisions not based in accordance with the consent decree of *Devonish vs. Garza* and from continuing the acts of punishment and retaliation against the plaintiff and his witnesses. *Affidavit in Support* at 5.

As stated, the Court is of the opinion that Plaintiff's motion for temporary restraining order or preliminary injunction and Plaintiff's motion for summary judgment on his motion for temporary restraining order or preliminary injunction should be denied. First, these motions have absolutely no relation to the underlying cause of action. As stated above, this cause of action was re-referred to the Magistrate for the limited purpose of determining whether there were frequent searches and seizures of Plaintiff's legal materials. A lengthy evidentiary hearing was held and it is now over and Plaintiff rested and closed his evidence. If this had been in the district court, a judgment would have been entered immediately. However, because the hearing was held before the Magistrate, judgment was not entered in this cause until this day. This lapse in time, however, does not allow Plaintiff an *expansion* of the lawsuit after the evidence has closed. Furthermore, a motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure would not be granted under the facts of this case. If Plaintiff had attempted to amend, the Court would deny such amendment based upon undue delay, bad faith, dilatory motive, undue prejudice to Defendants and also because of the futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Finally, these motions are conclusory, frivolous, and malicious. Defendants contend that Plaintiff has attempted to belatedly file a "specious, spurious, and factually unrelated motion for summary judgment and for 'preliminary and permanent injunction.'" *Defendants' Response to Plaintiff's Motion for Summary Judgment and*

*Issuance of a Preliminary and Permanent Injunction* at 4–5. This Court agrees with this characterization. Accordingly, Plaintiff's motions for summary judgment and for preliminary and permanent injunctive relief will be denied.

■ Plaintiff has also filed a motion styled "motion to reconsider order or in the alternative, motion for leave to take an interlocutory appeal in forma pauperis." This motion requests this Court to reconsider its October 31, 1986 Order denying Plaintiff's request to be afforded, at Government expense, a copy of the transcript of the evidentiary hearing held before the Magistrate in this cause. Plaintiff states that this Court should reconsider its previous Order "due to the 'concerted conspiracy of perjury' committed by Ass't Director Reyes, Morales and attorney Bill Crow." *Motion to Reconsider* at 1. The Court has considered this request and is of the opinion that it should be denied because of the absence of any statutory authority to provide a transcript to Plaintiff prior to appeal of the case. *See Romero Barcelo v. Brown,* 655 F.2d 458, 462 (1st Cir.1981); *Toliver v. Community Action Com'n to Help the Economy, Inc., CACHE,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) *aff'd,* 800 F.2d 1128 (2nd Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 217, 93 L.Ed.2d 146 (1986); *United States v. Houghton,* 388 F.Supp. 773, 774 (N.D.Tex.1975); *McClure v. Salvation Army,* 51 F.R.D. 215, 216 (N.D.Ga.1971); *see also* 28 U.S.C. § 753(f) (1982). Section 753(f) provides for payment by the United States for transcripts for litigants permitted to appeal *in forma pauperis,* provided that the court determines that such an appeal is not frivolous. Since Plaintiff's application was submitted prior to the completion of this action, his request is clearly premature. Accordingly, this motion for reconsideration will be denied. Furthermore, as the Court will by Order this day dismiss this cause with prejudice, the Court will also deny as moot Plaintiff's motion for relief to take an interlocutory appeal *in forma pauperis.*

Plaintiff has also filed a motion styled "motion for judicial notice and hearing pursuant to Rule 201 et. seq. of the Federal Rules of Evidence." The first ground in support of this motion states that Defendants have refused to follow this Court's Order requiring a response to Plaintiff's motions for preliminary and permanent injunctions and summary judgment. This Court finds as to this first ground of the motion that the Defendants have adequately responded.

As the second ground for this motion, Plaintiff alleges that he was "placed in fear of his life and/or bodily harm and injury by the actions of Sgt. Martinez (and Cpl. Averitt) who willfully, knowingly, wantonly, maliciously and deliberately, informed the Hispanic prisoners immediately" that Plaintiff had "signed a statement against them and was out to bust them up by having them moved" because they were "dominating the telephone by staying on it two to three hours at a time." *Motion for Judicial Notice* at 1, 2. Although the Court takes allegations of threat of bodily harm or injuries seriously, this second ground has absolutely no relation to the underlying cause of action. As stated above, this cause of action was referred to the Magistrate for the very limited purpose of determining whether there were frequent searches and seizures of Plaintiff's legal materials. This cause of action has absolutely nothing to do with this ground alleged by Plaintiff. Furthermore, a motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure would not be appropriate under the facts of this case. Finally, this motion is conclusory, frivolous, and malicious. Accordingly, the Court finds that this ground for the motion is without merit.

■ As a third ground for this motion, Plaintiff contends that certain of his rights under the consent decree entered in the case of *Cruz v. Hauck,* 345 F.Supp. 189 (W.D.Tex.1972), have been violated. After due consideration, the Court is also of the opinion that this ground does not merit the granting of this motion. Any violation of a court-ordered consent decree in a jail case such as the one before the Court is more properly brought through the enforcement provisions of the consent decree, including contempt of court, rather than in an individual suit seeking relief under 42 U.S.C. § 1983 by an individual jail inmate. Fur-

thermore, this ground, like the other grounds, has absolutely nothing to do with what is left of the underlying cause of action, and a motion for leave to amend would not be appropriate. Finally, Plaintiff's motion for judicial notice and hearing pursuant to Rule 201 complains of irreparable injury. Accordingly, it appears that Plaintiff is seeking equitable relief. The Court notes that Plaintiff's original complaint also sought equitable relief but not monetary damages. As such, Plaintiff's *Cruz v. Hauck* allegations are now moot as Plaintiff has been transferred from the Bexar County Jail to the Texas Department of Corrections. Accordingly, Plaintiff's motion for judicial notice and hearing pursuant to Rule 201 of the Federal Rules of Evidence will be denied.

■ Plaintiff has also filed a motion styled "Motion to Make Xerox Copies." This motion seeks the issuance of an Order to the Clerk of Court to xerox copies of certain attached exhibits because neither Plaintiff nor his family can afford the cost of xeroxing the necessary number of copies of such exhibits. This motion was filed with the Magistrate's court but was never ruled on by that court. After due consideration, this Court is of the opinion that this motion should be denied as this Court has all of the documents before it which are necessary to reach a decision. Furthermore, for the same reasons this Court denied Plaintiff's motion to reconsider this Court's denial of his request for a free transcript of the evidentiary hearing, this Court will also deny his request for xerox copies because an indigent plaintiff is not entitled to copies of filed documents without payment of the normal fees and costs.

Finally, Plaintiff has also filed a motion styled "placement of motions on court's trial calendar pursuant to Rule 40 of the Federal Rules of Civil Procedure." As this Court has by Order this day disposed of all pending motions, the Court is of the opinion that this motion should be denied as moot.

## IC. MAGISTRATE'S FINDINGS AND RECOMMENDATION

As stated, the Magistrate filed his findings and recommendation on October 22, 1986. As Plaintiff has not filed written objections to these findings, he is not entitled to a *de novo* review by this Court of the Magistrate's proposed findings and recommendation. *See United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–13, 65 L.Ed.2d 424 (1980); 28 U.S.C. § 636(b)(1) (Supp.1982); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 472–73, 88 L.Ed.2d 435 (1985). Plaintiff's failure to file such written objections "shall bar the party from attacking on appeal factual findings [of the Magistrate] accepted or adopted by the district court, except upon grounds of plain error or manifest injustice." *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc); *see also Deloney v. Estelle,* 679 F.2d 372, 373 (5th Cir.1982). After due consideration of the Magistrate's findings and recommendation and the record and file in this cause, the Court is of the opinion that the Magistrate's findings and recommendation are in all things true and correct and should be adopted as the findings of this Court.[2]

In light of the very limited purpose of the remand, namely, for a determination of whether there were frequent searches and seizures of Plaintiff's legal materials, of particular importance to this Court is the Magistrate's proposed findings of fact numbers 46, 47, 48 and 49. These findings of fact state that:

46. Plaintiff has not shown that Defendant Steve Jones or Defendants Manuel Arcos or Joe Neaves, former Sheriff of Bexar County, engaged in a custom, practice or policy of searching and/or destroying Plaintiff's legal materials so as to deny him access to the courts.

---

**2.** As shown *supra,* Plaintiff's sole problem with filings occurred because he stapled the motion for temporary restraining order or preliminary injunction and the brief in support to the affidavit in support of the motion. He also stapled the motion to reconsider to the affidavit in support of the motion. It is clear that the Court has all the documents before it, although three documents did not have a docket entry or a file mark. As also shown *supra,* this problem has now been corrected. Accordingly, it is also clear that Plaintiff is not entitled to a *de novo* review by this Court as he has not filed written objections to the Magistrate's findings and recommendation.

47. Plaintiff has not shown that Defendants Manuel Arcos or Joe Neaves personally participated in or condoned the alleged search and/or destruction of his legal materials on August 17, 1982.

48. Plaintiff has not shown that Defendant Steve Jones personally searched and/or destroyed his legal materials on August 17, 1982, although he has shown that Defendant Steve Jones did in fact search his legal materials upon his leaving to and returning from the jail law library on August 17, 1982 pursuant to jail policy.

49. Plaintiff has not stated a factual basis to support his claim of a denial of his Fourteenth Amendment right of access to the courts against any of the Defendants.

*Findings and Recommendation of the United States Magistrate* at 10–11. Also of particular importance to the Court is the Magistrate's proposed conclusions of law 6, 7 and 8. These conclusions of law state that:

6. Based on the testimony of Plaintiff's witnesses, it is the conclusion of this Court that Plaintiff has failed to show by a preponderance of the evidence that the Defendants, individually or jointly, engaged in a practice, custom, or policy of regularly searching and destroying Plaintiff's legal materials.

7. At most, Plaintiff may have created a fact issue as to whether Defendant Steve Jones searched and/or destroyed some of his legal materials on August 17, 1982.

8. However, as noted earlier, a single incident of destruction of an inmate's legal materials, intentional or otherwise, does not state a cause of action under 42 U.S.C. § 1983 where the state provides a meaningful postdeprivation remedy for the loss. *Hudson v. Palmer, supra.*

*Findings and Recommendation of the United States Magistrate* at 12.

■ Based on the findings of fact and conclusions of law set forth above, it is clear that Plaintiff has no cause of action under 42 U.S.C. § 1983 based upon his allegation of a single incident of destruction of his legal materials. *See Hudson v. Palmer, supra.* Accordingly, Plaintiff's claim of denial of access to the Court should be dismissed with prejudice for failure to state a claim for which relief can be granted under 42 U.S.C. § 1983 as to all Defendants.

## II. CAUSE NO. SA–86–CA–991

Plaintiff's complaint in Cause No. SA–86–CA–991 was received on July 1, 1986, and was referred on that same date to the Honorable Jamie C. Boyd, United States Magistrate. By Order of the Magistrate, Plaintiff's complaint was filed on August 6, 1986. This cause was brought pursuant to 42 U.S.C. §§ 1983 and 1985 and alleges that the Honorable Phil Chavarria, 175th Judicial District Court Judge for Bexar County, discriminated against Plaintiff when he refused to allow Plaintiff to proceed *pro se* in state cause no. 85–CR–1565. The Magistrate has recommended that this cause be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to the fact that Plaintiff has clearly delayed this cause by disobeying court orders by engaging in clearly contumacious conduct, and in light of the fact that a lesser sanction will not suffice.

On December 2, 1986, Plaintiff filed a "petition for *de novo* review," [3] in which he

---

**3.** Previously, on September 29, 1986, Plaintiff filed a petition for *de novo* review of "the Magistrate's orders in this civil action." This petition sought a review of the Magistrate's denial of Plaintiff's motion to hold the filing of this cause of action in abeyance. Plaintiff prayed that this Court "review the pleading in this file and take into consideration that this is part of a 'continuing conspiracy' started in 1976 and is still continuing in 1986." Plaintiff further prayed for appointment of counsel and an investigator and that this action be held in abeyance. This petition was filed in the Magistrate's court and was never presented to this Court for review. The Court, however, has fully considered it as part of Plaintiff's December 2, 1986 petition for *de novo* review. The Court also notes that these allegations were raised in Plaintiff's *"Motion for Judicial Notice Pursuant to Rule 201 et seq. of the Fed. Rules of Evidence."* As this Court will consider this motion for judicial notice as part of Plaintiff's December 2, 1986 petition for *de novo* review, the Court will have fully considered Plaintiff's first petition for *de novo* review.

sets out several objections to the Magistrate's findings and recommendation. Plaintiff's objections are of three types, and each must therefore be treated in a somewhat different manner. Plaintiff's objection leveled against Magistrate Boyd is of the first type:

> The United States Magistrate Jamie Boyd is attempting to circumvent and preclude the plaintiff's constitutional rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendment[s] to the Constitution of the United States by his willful, malicious, deceitful and erroneous recommendation.

*Petition for De Novo Review* at 1. Plaintiff also states that "the Magistrate is attempting to deny the plaintiff's of his 'equal civil rights and procedural due process and equal protection of law.'" *Id.* at 3. The Court finds that these contentions and others like them by Plaintiff are themselves frivolous, and malicious.

Plaintiff's second type of objection to the Magistrate's findings and recommendation are of a legal type. Basically, this objection in the Plaintiff's petition states that his underlying cause of action does not fail to state a claim. The Court does not find this objection well taken because it does not address either the findings of fact or conclusions of law as found by the Magistrate with regard to Plaintiff's failure to prosecute. It is simply a conclusory allegation without any factual or legal support.

Plaintiff's third type of objection is more properly reviewed as both a factual and a legal challenge. This is because of the unique nature of the relationship between the facts and the law in a recommendation to dismiss for failure to prosecute and for contumacious conduct. To the extent that these remaining objections are factual, the Court is under an obligation to conduct a *de novo* review of the record. Basically, these remaining objections regard Plaintiff's November 3, 1986 "*Motion for Judicial Notice Pursuant to Rule 201 et seq. of the Fed. Rules of Evidence.*" In this motion, Plaintiff attempts to put the blame on his delay on Justice of the Peace James Gutierrez of Bexar County, Texas, who allegedly failed to provide Plaintiff with copies of the complaint and order of dismissal in the underlying state prosecution. Plaintiff's petition also states that this cause should have been held in abeyance because of the Plaintiff's lack of adequate time to prepare due to his other pending civil and criminal actions.

 This Court has conducted a *de novo* review and finds, as did the Magistrate, that this action should be dismissed with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to the fact that Plaintiff has clearly delayed this cause by disobeying court Orders by engaging in clearly contumacious conduct and because of the fact that a lesser sanction will not suffice. One of the many reasons for this finding is the fact that most of the Magistrate's requests to the Plaintiff, in part, simply sought a statement of the claim that would entitle the Plaintiff to relief. The Magistrate had noted that Plaintiff's original complaint failed to allege any acts of conspiracy despite asserting jurisdiction pursuant to 42 U.S.C. § 1985. Plaintiff could have provided a simple statement of the facts from his personal knowledge, without resort to a copy of the complaint, Order of dismissal of the underlying state charges, or any factual or legal research. Based on this reason, and the other reasons evident from the record and file in this cause, this Court finds that this cause should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The record and file in this cause reveal that Plaintiff has refused to comply with four Magistrate's Orders requiring him to file an amended complaint over a period from August 11, 1986, to November 3, 1986. On August 11, 1986, the Magistrate ordered that Plaintiff amend his complaint within 15 days so as to describe in greater detail his jurisdictional allegations, and to state with particularity the claim Plaintiff purported would demonstrate his entitlement to relief. The Magistrate further ordered that failure to comply with that Order would result in dismissal of Plaintiff's complaint. On August 27, 1986, the Plaintiff moved for an extension of time until September 10, 1986. On September 2,

1986, the Magistrate granted this extension to the effect that Plaintiff's amended complaint was due on or before September 10, 1986. On September 10, 1986, Plaintiff, instead of complying with the two Magistrate's Orders requiring the filing of the amended complaint, filed a motion to hold this cause of action in abeyance, pending resolution of Cause No. SA–86–CA–998 or SA–82–CA–582. On September 16, 1986, the Magistrate denied Plaintiff's motion to hold the filing of this cause of action in abeyance but granted Plaintiff a second extension of time, until September 26, 1986, within which to file his amended complaint. Again, instead of complying with the Magistrate's Order, Plaintiff, on September 29, 1986, filed a petition for *de novo* review. On October 21, 1986, over one month from the previous Order, the Magistrate granted a third extension of time, until November 3, 1986, within which to file his amended complaint. On November 3, 1986, as shown by Plaintiff's previous pattern of conduct, although the Magistrate had entered four Orders requiring Plaintiff to file an amended complaint, Plaintiff instead filed a motion for judicial notice. Plaintiff's cause of action, because of his contumacious conduct, is properly dismissable pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

After due consideration of the record and file in this cause, specifically Plaintiff's two petitions for *de novo* review filed September 29, 1986 and December 2, 1986, and Plaintiff's November 3, 1986 motion for judicial notice, the Court is of the opinion that Cause No. SA–86–CA–991 should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to the fact that Plaintiff has clearly delayed this cause by disobeying Court Orders, by engaging in clearly contumacious conduct, and because of the fact that a lesser sanction will not suffice.

### III. CAUSE NO. SA–86–CA–998

This cause was originally brought pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. By Order and Judgment entered October 30, 1986, this Court dismissed Plaintiff's claims. This cause is now on appeal to the Fifth Circuit Court of Appeals (docket no. 86–2923). One issue, however, was reserved from the Judgment and Order of dismissal. This issue regarded alleged violations at the Bexar County Adult Detention Center of the consent decree in *Cruz v. Hauck,* 345 F.Supp. 189. The Court will now dispose of that claim as well.[4]

The underlying basis for Plaintiff's application for writ of habeas corpus was that he had been illegally restrained inasmuch as he had not been arraigned within 72 hours after arrest and that his bond had been set at $100,000. The Magistrate stated that "Petitioner appears to complain that he is being held on excessive bond in contravention of his rights to due process and equal protection." *United States Magistrate's Memorandum and Recommendation* filed August 6, 1986, at 2. It was the Magistrate's finding that Plaintiff was held pursuant to valid charges and that his bond was not so arbitrary as to warrant federal intervention, and that therefore Plaintiff's application should be in all things denied. *Id.* at 5.

■ Plaintiff's *Cruz v. Hauck* allegations, however, are that: (1) Plaintiff was never furnished with a copy of the jail's rules and regulations on both occasions of booking into Bexar County Jail; (2) Plaintiff has never seen a copy of the jail's rules and regulations written in Spanish (the Court notes that Plaintiff lacks any standing to raise this allegation as it is clear that he is fluent in English); (3) the "in-house radio" has discontinued its broadcast of information about the law-library and its services; (4) "the plaintiff had to wait until his scheduled floor hour to go to the law-library to have notary service performed;" (5) the law library and its services are not available on a priority basis but are scheduled by floors; (6) Plaintiff's law books,

---

**4.** Plaintiff's *Cruz v. Hauck* allegations were raised in his *Amendment to Plaintiff's Second Motion for Judicial Notice and Immediate Hearing Pursuant to Rule 201(e) of Fed.Evid. Rules.*

In response to an Order on this motion, *see infra,* n. 5, Plaintiff supplemented his *Cruz v. Hauck* allegations with a motion styled *"Motion to Specify Facts and Order."*

brought to the law-library in 1982, were not returned when Plaintiff discovered some of them were still there in October, 1986; (7) *other prisoners* "rights to do meaningful research and free access to court have been violated by the closing of the law library on Saturday & Sundays & holidays" (the Court also notes that Plaintiff would lack standing to raise this allegation as well); (8) Hispanic prisoners have a hard time reading the English language and can only seek assistance from other Hispanic prisoners because there are no Hispanic paralegals to assist them (as stated, Plaintiff would lack standing to raise allegations regarding the Hispanic prisoners); and (9) the law librarian and notary, Mrs. Coleman, is overworked and does not have enough time to service all of the prisoners. Based on these allegations, Plaintiff sought a hearing for contempt of court in *Cruz v. Hauck, supra. See Plaintiff's Motion to Specify Facts and Order,* filed October 20, 1986.

■ After due consideration, the Court is of the opinion that Plaintiff's claims based on the consent decree entered in *Cruz v. Hauck,* should also be dismissed. As stated above, any violation of a court-ordered consent decree in a jail case such as that *sub judice* is more properly brought through the enforcement provisions of the consent decree, including contempt of court, rather than in an individual suit seeking an application for a writ of habeas corpus by an individual jail inmate. *See* page 1401, *supra.* Furthermore, Plaintiff's *Cruz v. Hauck* contentions have absolutely nothing to do with Plaintiff's underlying cause of action which alleged that he was not arraigned within 72 hours and that his bond had been excessively high. In this regard, Plaintiff has not filed a motion to amend under Rule 15 of the Federal Rules of Civil Procedure and such a motion would not have been appropriate under the facts of this case because of Plaintiff's undue delay, bad faith, dilatory motive, undue prejudice to Defendants and the futility of the underlying cause of action which alleged that he was not arraigned within 72 hours and that his bond had been excessively high. Plaintiff has not filed a motion to amend under Rule 15 of the Federal Rules of Civil Procedure and such a motion would not have been appropriate under the facts of this case because of Plaintiff's undue delay, bad faith, dilatory motive, undue prejudice to Defendants and the futility of the amendment.[5] *See Foman v. Davis, supra.* Moreover, a review of Plaintiff's contentions show that he lacks standing as to many of these issues. Finally, as Plaintiff seeks only equitable relief for these alleged violations, these contentions are moot as Plaintiff has been transferred from the Bexar County Jail to the Texas Department of Corrections.[6] Ac-

---

**5.** On September 25, 1986, this Court noted that Plaintiff moved for a hearing for contempt of court in *Cruz v. Hauck* and this Court held that: Before the Court will conduct any proceedings or hold any hearings regarding contempt of Court regarding the case of *Cruz v. Hauck,* the Court will require that the Plaintiff in this case specify the date of filing of the order or orders in *Cruz v. Hauck* which he claims have been violated. Then, Plaintiff shall specify the factual basis for his claim that an order or orders in *Cruz v. Hauck* have been violated. This Order was based on a review of *Plaintiff's Amendment to Plaintiff's Second Motion for Judicial Notice and Immediate Hearing Pursuant to Rule 201(E) of Fed.Evid. Rules,* filed September 8, 1986. The Court points out that Plaintiff's soughtafter amendment was to Plaintiff's second motion for judicial notice and would not be an amendment to Plaintiff's complaint. In response to this Order, Plaintiff filed a *Motion to Specify Facts and Order,* on October 20, 1986.

This Order, however, in no way granted Plaintiff leave to amend his complaint to raise his *Cruz v. Hauck* allegations. This Order simply required Plaintiff to clarify the confusing and conclusory allegations complained in his amendment to his second motion for judicial notice. Now that Plaintiff has specified the factual and legal bases for these claims, it is clear to the Court that these contentions have nothing to do with the issues raised in Cause No. SA–86–CA–998 and are properly dismissed.

**6.** It is clear that Plaintiff seeks only equitable relief because he is attempting to proceed under the *Cruz v. Hauck* consent decree. *Cruz v. Hauck* only dealt with equitable relief. Furthermore, the Court has reviewed the relief sought for the alleged violations as contended by Plaintiff and notes that Plaintiff has not made any allegation for monetary damages and his relief was limited solely to equitable considerations.

cordingly, the issues reserved from this Court's October 30, 1986 Order of dismissal and Judgment will also be dismissed such that that part of Plaintiff's *Amendment to Plaintiff's Second Motion for Judicial Notice and Immediate Hearing Pursuant to Rule 201(e) of Fed.Evid. Rules* which survived the October 30, 1986 Judgment and Order, and Plaintiff's *Motion to Specify Facts and Order* will each be denied. The Court will also deny that part of Plaintiff's *Motion to Specify Facts and Order* which requests the Clerk of Court to make copies of the exhibits attached to that motion and to forward a set to the Plaintiff.

## IV. ABUSE OF THE JUDICIAL PROCESS

█ This Court has previously fully considered Plaintiff's various motions and petitions filed by him in the above-styled and numbered causes. Furthermore, as of this date, Plaintiff has now had a total of 12 cases disposed of by the Western District of Texas. The following is a brief summary of his cases:

| | |
|---|---|
| SA–78–CA–337 | Habeas corpus |
| SA–78–CA–338 | Civil rights |
| SA–78–CA–443 | Civil rights |
| SA–82–CA–571 | Civil rights |
| SA–82–CA–582 | Civil rights |
| SA–82–CA–689 | Civil rights |
| SA–84–CA–852 | Habeas corpus |
| SA–85–CA–1917 | Removal of state court prosecution/habeas corpus |
| SA–85–CR–240 | Removal of state court prosecution/habeas corpus |
| SA–86–CR–262 | Removal of state court prosecution |
| SA–86–CA–991 | Civil rights |
| SA–86–CA–998 | Habeas corpus |

In addition to the above causes filed in the Western District of Texas, Plaintiff has indulged his litigious nature outside this District as well. The Court notes that Plaintiff has filed 16 cases in the Southern District of Texas:

| | |
|---|---|
| H–2118 | Habeas corpus |
| H–78–2305 | Civil rights |
| H–78–2358 | Civil rights |
| H–78–2379 | Habeas corpus |

7. The Court will note that a certificate of probable cause was issued for the October 30, 1986 Order of dismissal and Judgment in Cause No. SA–86–CA–998 but this certificate was only issued because the exhaustion question was a

| | |
|---|---|
| H–78–2414 | Civil rights |
| H–78–2416 | Civil rights |
| H–78–2419 | Civil rights |
| H–79–110 | Civil rights |
| H–79–111 | Civil rights |
| H–79–112 | Civil rights |
| H–79–137 | Civil rights |
| H–79–171 | Civil rights |
| H–79–173 | Civil rights |
| H–79–371 | Civil rights |
| H–79–2596 | Habeas corpus/excessive bail/civil rights |
| H–80–1130 | Habeas corpus |

The Court also notes that Plaintiff filed one cause in the Eastern District of Texas, TX–83–CA–73. This cause was subsequently transferred to this Court and consolidated with SA–84–CA–852.

Despite the consideration previously given to Plaintiff's repeated complaints, this Court has had to once again consider matters patently frivolous or previously adjudicated by this Court.

As the Fifth Circuit has said "[n]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson,* 523 F.2d 798, 800 (5th Cir.1975). "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson,* 649 F.2d 285 (5th Cir.), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981).

The causes which this Court has dismissed in this Order, as well as all the motions and/or petitions, complaints, and applications, heretofore submitted by Plaintiff, are either meritless, "frivolous, malicious, not taken in good faith, or fail to state a claim upon which relief can be granted." [7] *Green,* 649 F.2d at 287.

The commitment of judicial resources to this Plaintiff has been enormous. The Court cannot allow Plaintiff's abuse to continue and still allocate the Court's scarce judicial resources among the other cases on its docket. Accordingly, this Court finds that this Plaintiff is an abuser of the judi-

close one. This certificate was not, however, issued for any part of Plaintiff's underlying cause of action. This certificate would also now be considered moot based on Plaintiff's bar from this District.

cial process. As such, this Court will order that the Clerk of the Court shall not accept for filing any motions, petitions or other matters submitted by Plaintiff, whether accompanied by the prepayment of fees, costs or other security, or by an application for leave to file or proceed *in forma pauperis,* unless directed to do so by an Order of this Court, which shall not be entered in the absence of specific allegations of constitutional deprivation by reason of physical harm or threats to Plaintiff's person. For cases within this exception, the usual procedure under 28 U.S.C. § 1915(a) will be followed, and the Court, pursuant to 28 U.S.C. § 1915(d), may dismiss the motion, petition, or other matter without requiring a response if the allegation of poverty is untrue, or if in its judgment, the pleading is frivolous on its face or malicious. *See Green,* 649 F.2d at 287. Therefore,

IT IS HEREBY ORDERED that Plaintiff's motion in Cause No. SA–82–CA–582 for temporary restraining order or preliminary injunction be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion in Cause No. SA–82–CA–582 for summary judgment on his motion for a temporary restraining order or preliminary injunction be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion in Cause No. SA–82–CA–582 for contempt of court be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion in Cause No. SA–82–CA–582 to reconsider or in the alternative, motion for leave to take an interlocutory appeal in forma pauperis be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion in Cause No. SA–82–CA–582 for judicial notice and hearing pursuant to Rule 201 *et seq.* of the Federal Rules of Evidence be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion in Cause No. SA–82–CA–582 to make xerox copies be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion in Cause No. SA–82–CA–582 for placement of motions on Court's trial calendar pursuant to Rule 40 of the Federal Rules of Civil Procedure be and is hereby DENIED.

IT IS FURTHER ORDERED that the findings and recommendation of the United States Magistrate in Cause No. SA–82–CA–582 be and are hereby ADOPTED as the findings of this Court.

IT IS FURTHER ORDERED that Plaintiff's complaint in Cause No. SA–82–CA–582 brought pursuant to 42 U.S.C. § 1983 be and is hereby DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff's motion for judicial notice pursuant to Rule 201 *et seq.* of the Fed. Rules of Evidence in Cause No. SA–86–CA–991 be and is hereby DENIED.

IT IS FURTHER ORDERED that, after due consideration of Plaintiff's motion for judicial notice pursuant to Rule 201 *et seq.* of the Fed. Rules of Evidence filed November 3, 1986, Plaintiff's two petitions for *de novo* review filed September 29, 1986 and December 2, 1986, respectively, and the record and file in this cause, that Plaintiff's complaint in Cause No. SA–86–CA–991, brought pursuant to 42 U.S.C. § 1983, be and is hereby DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to the fact that Plaintiff has clearly delayed this cause by disobeying Court Orders by engaging in clearly contumacious conduct and because of the fact that a lesser sanction will not suffice.

IT IS FURTHER ORDERED that Plaintiff's motion in Cause No. SA–86–CA–998 to specify facts and order be and is hereby DENIED.

IT IS FURTHER ORDERED that that part of Plaintiff's amendment in Cause No. SA–86–CA–998 to Plaintiff's second motion for judicial notice and immediate hearing pursuant to Rule 201(E) of Fed.Evid. Rules dealing with Plaintiff's *Cruz v. Hauck* allegations, which was also considered by the Court in an Order filed September 25, 1986, be and is hereby DENIED.

IT IS FURTHER ORDERED that those issues expressly reserved from the October

30, 1986 Order of dismissal and Judgment in Cause No. SA–86–CA–998 be and are hereby DISMISSED.

IT IS FURTHER ORDERED that the Clerk of this Court shall not accept for filing any motions, petitions or other matters submitted by Robert Lee Gill, Jr., whether accompanied by the prepayment of fees, costs or other security, or by an application for leave to file or proceed *in forma pauperis*, unless directed to do so by an Order of this Court, which shall not be entered in the absence of specific allegations of constitutional deprivation by reason of physical harm or threats to Robert Lee Gill, Jr.'s person. For cases within this exception, the usual procedure under 28 U.S.C. § 1915(a) will be followed, and the Court, pursuant to 28 U.S.C. § 1915(d), may dismiss the motion, petition, or other matter without requiring a response if the allegation of poverty is untrue, or if in its judgment, the pleading is frivolous on its face or malicious.

IT IS FURTHER ORDERED that the Clerk of this Court shall send a copy of this Order and accompanying Judgment to the Chief Judge of the United States Court of Appeals for the Fifth Circuit and to the Chief Judges of the United States District Courts for the Northern, Southern and Eastern Districts of Texas.