# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1570

———————

Mark W. Singson,                      *

                *

       Plaintiff-Appellant,    *

                *

       v.               *   Appeal from the United States
                *   District Court for the Eastern

Larry Norris, Director, Arkansas  *   District of Arkansas.
Department of Correction; Eddie   *
Sinset, Administrator of Religious  *
Services, ADC,            *

                *

      Defendants-Appellees.  *

———————

Submitted:  December 10, 2008
Filed: January 27, 2009

———————

Before MELLOY and BENTON, Circuit Judges, and DOTY,[1] District Judge.

———————

BENTON, Circuit Judge.

Inmate Mark W. Singson sued Arkansas Department of Correction officials, alleging constitutional and statutory violations.  Following trial, the district court[2]

---

[1]The Honorable David S. Doty, United States District Court for the District of Minnesota, sitting by designation.

[2]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for decision by the consent of the parties pursuant to 28 U.S.C. § 636(c).

ruled for the ADC officials. Singson appeals the Religious Land Use and Institutionalized Persons Act (RLUIPA) claim. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Singson, a Wiccan, uses tarot cards for religious purposes. ADC policy requires inmates to check out tarot cards from a chaplain and prohibits keeping cards in cells. Singson asserts that this policy violates his rights under RLUIPA by inhibiting spontaneous readings.

An ADC expert witness testified that the policy was necessary to prevent (1) gambling, as tarot cards can be manipulated for use as playing cards; (2) trafficking, since card readings could be conducted in exchange for goods or services; (3) psychological control, as some prisoners may believe tarot card-holders have special powers; and (4) gang symbols on tarot cards, which could be used to promote or defame gangs, leading to violence.

Ruling for the ADC officials, the district court noted that Singson checked out the tarot cards numerous times, that prison chaplains never rejected his check-out requests, and that ADC policy permits Singson to keep other Wiccan religious items in his cell. The court found that, even if the check-out system burdens Singson's religious beliefs, it is the least restrictive policy that promotes prison safety while accommodating Singson's religious beliefs.

## II.

When a district court enters judgment after a trial, this court reviews the findings of fact for clear error and the legal rulings de novo. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 804 (8th Cir. 2008), *citing* **Fed. R. Civ. P. 52(a)**.

"Prison inmates retain constitutional rights protected by the First Amendment, including the right to free exercise of religion." *Fegans v. Norris*, 537 F.3d 897, 902 (8th Cir. 2008), *citing* *O'Lone v. Shabazz,* 482 U.S. 342, 348 (1987). Congress enacted RLUIPA to provide additional protection for institutionalized persons' religious freedom. *See* **Religious Land Use and Institutionalized Persons Act, Pub. L. No. 106-274, 114 Stat. 803 (2000);** *Fegans,* 537 F.3d at 902 (discussing Congress's objectives when enacting RLUIPA). RLUIPA states, in part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> > (1) is in furtherance of a compelling governmental interest; and
> > (2) is the least restrictive means of furthering that compelling governmental interest.

**42 U.S.C. § 2000cc-1(a)**. State prisons are § 1997 institutions. *Id.* **§ 1997(1)(A), (1)(B)(ii)**.

Under RLUIPA, Singson must "show, as a threshold matter, that there is a substantial burden on his ability to exercise his religion." *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004). If Singson meets this requirement, ADC officials must show that the tarot card policy is "the least restrictive means to further a compelling interest." *Id.*

Prison officials do not challenge the sincerity of Singson's religious beliefs. Rather, they assert that the check-out policy is the least restrictive policy that achieves the compelling government interest of prison safety while accommodating Singson's religious beliefs.

Prison safety and security are compelling government interests. *Fegans*, 537 F.3d at 906. "RLUIPA does not 'elevate accommodation of religious observances

over an institution's need to maintain order and security.'" ***Id.*** at 902, *quoting **Cutter*** ***v. Wilkinson***, 544 U.S. 709, 722 (2005). After discussing the four security concerns cited by the ADC expert witness — gambling, trafficking, psychological control, and gang symbols — the district court concluded that unrestricted prisoner access to tarot cards would create security problems. The court found "that the potential effect of in-cell use on the guards and allocation of prison resources outweighs the restrictions felt by any interested inmate-users."

The prison's security concerns, supported by expert testimony, receive deference. A prison is free to deny inmate religious requests predicated on RLUIPA if they "jeopardize the effective functioning of an institution." ***Cutter***, 544 U.S. at 726. When enacting RLUIPA, Congress was "mindful of the urgency of discipline, order, safety, and security in penal institutions." ***Id.*** at 723 (citation omitted). Congress "anticipated that courts would apply the Act's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with considerations of costs and limited resources." ***Id.*** (quotations and citation omitted). The district court did not clearly err by relying on the expert witness's testimony, or by finding that the tarot card policy furthers prison security while protecting Singson's rights.

Finally, Singson argues that the district court failed to make the necessary findings of fact and conclusions of law, as required by Fed. R. Civ. P. 52(a). A "district court's failure to make specific findings of fact, as required by F.R.C.P. 52(a), is reviewed for an abuse of discretion." ***Darst-Webbe Tenant Ass'n Bd. v. St. Louis Hous. Auth.***, 339 F.3d 702, 711 (8th Cir. 2003) (citation omitted). Singson contends that the court did not enter findings about his religious beliefs and practices, or identify which of ADC's proffered security concerns was compelling. However, as Singson's religious beliefs and practices were undisputed, the district court need not reach the issue. The district court properly analyzed the prison's security concerns as a group, concluding that in-cell use would strain prison security resources.

-4-

Likewise, Singson contends that the district court failed to analyze less restrictive alternatives that would achieve ADC's security goals. Ruling for the ADC officials, the court noted that the parties presented only one deck of tarot cards, precluding consideration of alternative policies for tarot cards that cannot be manipulated for gambling. The district court's order complied with Fed. R. Civ. P. 52(a).

## III.

The judgment is affirmed.

_____