# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3550

_____

Stephen A. Hodgson,                               *
                                                  *
               Appellant,                         *
                                                  *   Appeal from the United States
       v.                                         *   District Court for the
                                                  *   District of Minnesota.
Joan Fabian; David Crist; John                    *
King; Eddie Miles; Kathy                          *   [UNPUBLISHED]
Halvorson; Regina Stepney;                        *
Greg Skrypek; David Reishus;                      *
Sheryl Vezner; Mary Perez; John                   *
Doe; Jane Doe, in their individual                *
and official capacities,                          *
                                                  *
               Appellees.                         *

_____

Submitted:  June 2, 2010
Filed:  June 7, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate Stephen Hodgson appeals the district court's[1] grant of summary judgment for defendants in his action brought under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq., in which he alleged violations of his right to practice his Wiccan religion. For the reasons that follow, we affirm.

We agree with the district court that Hodgson did not establish that either his inability to keep prayer oils in his cell or a delay in receiving his religious mail substantially burdened his religion. See Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813-14 (8th Cir. 2008) (both First Amendment free-exercise claim and RLUIPA claim require showing of substantial burden on ability to practice one's religion); Van Wyhe v. Reisch, 581 F.3d 639, 657 (8th Cir. 2009) (inmate must establish substantial burden on religious exercise), cert denied, 78 U.S.L.W. 3500 (U.S. May 24, 2010) (No. 09-953). Even if we assume that the prison's policy limiting the herbs Hodgson could purchase imposed a substantial burden, defendants provided evidence of multiple safety and security concerns supporting the policy, and we agree with the district court that defendants' evidence showed that the policy is the least restrictive means of furthering these compelling governmental interests. See Singson v. Norris, 553 F.3d 660, 662-63 (8th Cir. 2009) ("safety and security are compelling government interests"); Fegans v. Norris, 537 F.3d 897, 903 (8th Cir. 2008) (in absence of substantial evidence indicating officials have exaggerated response to prison security considerations, courts should ordinarily defer to their expert judgment).

Assuming that the prison's policy regarding smudging and incense burning imposed a substantial burden, we find that the prison's safety and security concerns were sufficient to ban these activities indoors. See Singson, 553 F.3d at 662-63; Fegans, 537 F.3d at 903. Because the record reflects that Hodgson had made only one

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

request to hold services outdoors, and the request was denied due to special circumstances at the time, we find that he did not establish an equal protection violation.  See Patel, 515 F.3d at 815-16 (for equal protection claim, inmate must show he is treated differently from similarly situated inmates based on suspect classification, and prison's decision was motivated by intentional discrimination).

We conclude that summary judgment was also proper on Hodgson's claim that defendants violated his First Amendment free-speech rights by delaying receipt of his mail.  To the extent Hodgson raised a facial challenge to the regulation banning sexually explicit material, we have previously recognized a government interest in similar regulations.  See, e.g., Dawson v. Scurr, 986 F.2d 257, 261 (8th Cir. 1993) (sexually explicit publication may be expected to circulate among prisoners with potential for "coordinated disruptive conduct").  As to his claim that the regulations were unconstitutional as applied, we note that Hodgson received all of the mail at issue after using the prison's appeal procedure, cf. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006) (exhaustion gives agency opportunity to correct its own mistakes before being haled into court); and although defendants acknowledge that one item was initially improperly withheld, summary judgment is not defeated by "a random misapplication of a reasonable regulation," see Holloway v. Pigman, 884 F.2d 365, 367 (8th Cir. 1989).  Further, Hodgson did not establish a due process violation based on his inability to grieve mailroom decisions.  See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison grievance procedures confer no substantive rights).

Finally, we find no abuse of discretion in the district court's denial of Hodgson's motion to take judicial notice of a finding by a state administrative agency. See Am. Prairie Const. Co. v. Hoich, 560 F.3d 780, 796-97 (8th Cir. 2009).

Accordingly, the judgment is affirmed.
_____