[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14547
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00376-RH-CAS


SHERRIE LEMCOOL,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

D. POOL,
Assistant Warden,
W. S. SMITH,
Correctional Chaplain Service Specialist, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 23, 2013)

Before HULL, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Sherrie Lemcool, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint against various officials at the Florida Department of Corrections Central Office and at Lowell Correctional Institution ("LCI") ("Defendants"). Reversible error has been shown; we affirm in part and vacate in part and remand for further proceedings.

In her complaint, Lemcool -- a follower of the Wiccan faith -- alleged that Defendants violated her First and Fourteenth Amendment rights (1) by requiring inmates to keep tarot decks in the chapel library instead of in the inmate's cell; (2) by denying Lemcool's request for a three-ring binder to hold loose handwritten pages of Lemcool's Book of Shadows; and (3) by denying Lemcool's requests to schedule Wiccan Holy Days, including Sabats and Esbats. Construed liberally,[1] Lemcool's complaint asserts two distinct claims about scheduling Holy Days: (a) that Defendants denied Lemcool's requests to schedule times for Lemcool to visit the chapel library to use her tarot deck and to conduct private worship rituals

---

[1] We construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

on Wiccan Holy Days, and (b) that Defendants failed to schedule Wiccan services in which outside volunteers could participate.

The district court granted in part and denied in part Defendants' motion for summary judgment. The court dismissed Lemcool's tarot deck and three-ring binder claims on the merits, concluding that no constitutional violation occurred. And the court denied Defendants' motion to the extent Defendants argued that Lemcool failed to exhaust administratively her Holy Days claim. The court rejected Defendants' characterization of Lemcool's Holy Days claim as a claim for "*group* worship services and activities," noting that Lemcool had "complained that she should be able to participate in [Holy Day] activities with a Tarot deck in 'solitary' remembrance worship, even without a qualified volunteer for the eight Holy Sabbats, and she requested time and space for such worship."

Defendants later filed a motion to dismiss, arguing that Lemcool's Holy Days claim should be dismissed as moot because (1) Lemcool was no longer incarcerated at LCI and (2) a change in Chaplaincy Services Procedure provided that religious "services, activities, and meetings" not supervised by the chaplain could now be supervised by "appropriate staff."[2]

---

[2] Before the policy change, Chaplaincy Services Procedure 503.002(8)(d)(3) provided that "upon the chaplain's approval, any services, activities, and meetings s/he does not personally conduct will be established and scheduled with volunteers." Section 503.002(8)(d)(3) now reads "upon the chaplain's approval, any services, activities, and meetings s/he does not supervise will be supervised by appropriate staff or with volunteers."

3

Although the district court explained that Lemcool's transfer to a different prison did not necessarily moot her entire claim, the court dismissed as moot Lemcool's claims against both LCI staff members. The district court then concluded that, furthermore, Lemcool's Holy Days claim was rendered altogether moot by the statewide change in Chaplaincy Services Procedure. The court reasoned that, the "official policy change means that [Lemcool's] ability to practice her Wiccan faith is not dependent upon the availability of an outside volunteer and Plaintiff should be able to exercise her First Amendment right to religious freedom." The district court dismissed the case without prejudice.

Tarot Deck & Three-Ring Binder

On appeal, Lemcool argues that Defendants violated her First Amendment rights and discriminated against her in violation of her Fourteenth Amendment rights by not allowing her to keep a tarot deck in her cell and by not allowing her to use a three-ring binder to hold her Book of Shadows.

We review the district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007). "Summary judgment is appropriate if the evidence establishes 'no genuine

4

issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003).

We apply a "deferential standard for determining whether a prison regulation violates an inmate's constitutional rights." Hakim v. Hicks, 223 F.3d 1244, 1247 (11th Cir. 2000). "A prison regulation, even though it infringes the inmate's constitutional rights, is an actionable constitutional violation only if the regulation is unreasonable." Id. In assessing a regulation's reasonableness, we consider, among other things, (1) whether the regulation is rationally related to a legitimate governmental interest; (2) whether "alternative means of exercising the asserted constitutional right . . . remain open to the inmates;" (3) the impact accommodation of the asserted right would have on prison staff, inmates, and the allocation of prison resources; and (4) "whether the regulation represents an 'exaggerated response' to prison concerns." Id. at 1247-48.

Defendants' policy prohibiting inmates from possessing tarot cards in their cells is rationally related to a legitimate government interest: prison security. See Singson v. Norris, 553 F.3d 660, 662-63 (8th Cir. 2009) (upholding a similar prison policy in part because unrestricted tarot cards could be used for "gambling, trafficking, psychological control, and gang symbols"); Mayfield v. Tex. Dep't of Crim. Justice, 529 F.3d 599, 610-11 (5th Cir. 2008) (no First Amendment violation

5

occurred when prison policy prohibited personal possession of runestones because -- like tarot cards -- such "items can be used for gambling, trafficking and trading."). Lemcool has available alternative means of practicing her Wiccan faith, including using a tarot deck in the chapel library. Given the potential safety concerns associated with unrestricted use of tarot cards, accommodating Lemcool's request to keep a tarot deck in her cell would burden prison staff, other inmates, and prison resources. Because Defendants' tarot deck policy is not unreasonable, Lemcool has not established an actionable constitutional violation. See Hakim, 223 F.3d at 1247.

About Lemcool's three-ring binder claim, nothing evidences that Defendants' denial of a three-ring binder infringed on Lemcool's First Amendment rights. Lemcool was allowed to possess and use the loose pages of her Book of Shadows and would be permitted to store them in a folder or envelope without sharp metal components.

Lemcool has also not shown that being deprived of a three-ring binder constituted an equal protection violation. Although other inmates received three-ring binders through a Christian-based program, the binders were confiscated immediately after prison staff discovered that inmates were forbidden from possessing such binders. Thus, Lemcool has not shown that other prisoners were treated more favorably. See Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001)

6

(to establish an equal protection violation, an inmate must show, among other things, that "'he is similarly situated with other prisoners who received' more favorable treatment.").

Holy Days

We review de novo the district court's determination of mootness.  See Troiano v. Supervisor of Elections, 382 F.3d 1276, 1282 (11th Cir. 2004).  A defendant who contends that he has ceased allegedly illegal conduct "bears a heavy burden of demonstrating that his cessation of the challenged conduct renders the controversy moot."  Rich v. Fla. Dep't of Corr., 716 F.3d 525, 531 (11th Cir. 2013).

The district court concluded that Lemcool's Holy Day claim was mooted by a change in prison policy which now permits "appropriate staff" -- in addition to the chaplain or volunteers -- to supervise religious activities.  But Defendants have not alleged that "appropriate staff" would in fact be available to supervise Wiccan services on Lemcool's requested Holy Days.  And nothing evidences that the policy change, in and of itself, terminates unambiguously the alleged unconstitutional conduct.  See id.  For instance, while the old policy language governed who may "conduct," "establish[]," or "schedule[]" religious services, the

7

revised policy language governs only who may supervise such religious services. We cannot say that this change means that Lemcool is no longer dependent on the availability of outside volunteers. Defendants have not satisfied the "heavy burden" of showing that the policy change mooted Lemcool's claim.

In addition, because the policy change pertains only to organized religious "services, activities, and meetings," it is not pertinent to Lemcool's claim that Defendants denied her requests to use tarot cards for private worship rituals on Holy Days. The district court erred in concluding that Lemcool's Holy Days claim was moot.

The district court also erred in concluding that Lemcool's transfer out of LCI mooted her claims against LCI staff members. Because Lemcool was subject to return -- and has, in fact, been transferred back to LCI -- her claims against LCI staff members are not moot. See Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975) (concluding that inmate's transfer did not moot case when "defendants were unable to advise that [the inmate] would not be returned to the [complained-of prison]."). We vacate and remand for further proceedings.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.